THEODERIC GAGE *v.* SIMON L. BREWSTER *et al.*

Where a senior mortgage has been foreclosed without making a junior mortgagee party to such foreclosure suit, the junior mortgagee may redeem by paying the mortgage debt, principal and interest, without paying the cost of the previous foreclosure.

The *plaintiff* is *not affected* by the foreclosure suit to which he was not a party; and stands, in relation to it, as though there had been no such suit.

ON the 9th of January, 1855, James Thompson, being seized of a parcel of land situate in the town of Brighton, in the county of Monroe, executed and delivered to one Amos O. Miller a mortgage on said premises, to secure the payment of $400 and interest from the date thereof, in four equal annual payments from the same date. Miller afterwards assigned the said mortgage to the defendants. Two installments of principal and interest were paid, on said mortgage.

At some time prior to the 29th of February, 1856, Thompson conveyed said premises to Thomas Ryder. On the last mentioned day, Ryder executed and delivered to the plaintiff a mortgage on said premises and upon other land, to secure the payment of $700 in one year from the date thereof, with interest.

On the 24th of June of the same year, said Ryder executed and delivered to the plaintiff another mortgage upon the first mentioned lands and other lands, to secure the payment of the sum of $500, in eighteen months from the date thereof, with interest. The two mortgages last mentioned were duly recorded on the days of their dates respectively.

On the 17th of December, 1856, Ryder and wife conveyed the premises first above mentioned in fee to one Martin L. Hyde, who, on the next day, conveyed them in fee to Charlotte Ryder, who continued owner of the same until after the commencement of an action to foreclose the two mortgages given by Ryder to the plaintiff.

On the 20th of March, 1858, the plaintiff commenced an action in the Supreme Court to foreclose said mortgage,

making all persons interested in said premises parties, except Thompson and the defendants, who were not made parties. Such proceedings were had in said action, that on the 15th of April, 1858, judgment of foreclosure and sale was duly entered, and the premises were, in pursuance thereof, sold at auction on the 17th of June, 1858, by the sheriff of Monroe county, and bid in by the plaintiff.

On the 24th of April, 1858, the defendants commenced an action in the Supreme Court to foreclose the mortgage first above described, but the plaintiff was not made a party to the said action. Such proceedings were had in said action, that on the 6th of July, 1858, judgment of foreclosure and sale was duly entered, and the same was duly docketed on the 9th of the same month. The amount due at the date of the decree was $120.85, and the whole sum unpaid at that date was $220.85, besides $69.19, the costs of said action.

On the 21st of August, 1859, plaintiff paid to defendant the sum of $222.60, under an agreement between the parties that the same should apply on the judgment in favor of defendants against Thompson and others foreclosing the oldest mortgage on said premises first above mentioned, first in payment of the costs of said action, including the costs of advertising the premises for sale, and of the sale of the same, as if a sale had actually taken place, and the balance to apply on the debt, unless the court, in an action to redeem, should decide that the plaintiff was entitled to redeem the premises from the lien of the mortgage, without paying the costs of the foreclosure, in which event the whole sum should be applied on said mortgage. The sum paid was enough to satisfy the amount due on the mortgage only.

The premises covered by defendants' mortgage are worth $500 and upwards. Thompson gave a bond to secure the defendants' debts, for which said mortgage was given as security.

The defendants had no actual notice of the plaintiff's mortgages until after judgment. The plaintiff's mortgages embraced a large amount of valuable real estate, besides the

premises contained in defendants' mortgage, and upon the sale, the plaintiff bid off the whole of the premises.

The action was brought by the plaintiff to redeem the defendants' mortgage. The foregoing facts were found by the court, and judgment ordered in favor of the plaintiff, that he have leave to redeem upon payment of the costs of the foreclosure and sale by the defendants.

The judgment was affirmed on appeal to the General Term of the seventh district, and from that judgment the plaintiff appeals to this court.

*W. F. Cogswell*, for the appellant.

*James C. Cochron*, for the respondents.

DENIO, Ch. J. I am of opinion that the plaintiff was entitled to redeem, by paying the mortgage debt, principal and interest, and is not obliged to pay the costs of the foreclosure suit commenced by the defendants against Thompson and the Ryders. The plaintiff was not affected by the foreclosure suit upon the defendants' mortgage, to which he was not made a party. He was, therefore, entitled to redeem, precisely as though no such action had been brought, namely, by paying the mortgage debt and interest. The costs were incurred in an action in which he was not concerned. (*Vroom* v. *Ditmas*, 4 Paige, 526.) The Supreme Court, in the present case, held that the circumstance that Ryder purchased subject to the defendants' mortgage took the case out of the established rule. The judgment upon the foreclosure of the defendants' mortgage contains the usual clause providing for a judgment to be docketed against the mortgagor, Thompson, for any deficiency which may remain of the mortgage debt, interest and costs, after applying the proceeds of the sale. It is said that, unless the plaintiff is compelled to pay these costs on redeeming, Thompson may be made liable to pay them, and that the plaintiff, as the grantee of Ryder, who purchased the premises of Thompson subject to the defendants' mortgage, ought to indemnify the latter against these costs. It seems to me that there are two answers to this

position. 'Ryder did not, by taking a conveyance from Thompson subject to the mortgage, enter into a contract with him to pay off that mortgage. The insertion of that statement in the conveyance, if it was inserted, which is not quite certain upon the finding, served only to qualify the covenants of title, and did not oblige Ryder to pay the mortgage debt, except so far as he should think it for his advantage to do so to preserve his title to the land. He was at liberty to give up the land, and leave Thompson to pay the mortgage. (*Belmont* v. *Coman*, 22 N. Y., 438.) Thompson, it is true, had an equity which would enable him to compel the mortgagee to exhaust his remedy against the land before resorting to him. But the defendants' foreclosure suit was not adapted to subject the land, simply because the owner of the land was not made a party. If he had been, not only the mortgage debt, but the costs, as an incident to the suit for collecting the debt out of the land, ought to have been paid out of the proceeds of the sale. Again, Thompson is not in need of any indemnity. There never can be any sale under the foreclosure if the plaintiff redeems, and consequently no deficiency for which a judgment can be docketed. The mortgage debt and interest will be paid, and this will put an end to the right to sell. The defendants have pursued a remedy which, by leaving the owner of the land outside of the proceedings, has left him at liberty to extinguish the mortgage against his premises without any regard to the pending suit, which did not concern him. The consideration that the defendant had no actual notice of the plaintiff's mortgages was of no moment. When seeking to extinguish the equity of redemption and to bring the premises to a sale, it was his duty to ascertain to whom that equity of redemption belonged. It was the subject of transfer by sale or mortgage, and it had been actually mortgaged to the plaintiff, and his mortgages were on record.

I am in favor of reversing the judgment of the Supreme Court; and, as all the material facts are admitted in the pleadings, there should be a judgment declaring that the plaintiff has made a valid redemption of his premises from the lien of the defendants' mortgage, and that such lien is

extinguished; and the plaintiff should recover his costs in the Supreme Court and in this court.

INGRAHAM, J.   The mortgage of the defendants was not merged in the judgment as to the plaintiff, he not being a party to the foreclosure, and it being his interest that the mortgage should not merge.   The same rule applies to the plaintiff's mortgage and the foreclosure thereon.   As to both these parties, the question in this case must be decided as though neither mortgage had been foreclosed.   When Thompson sold to Ryder, he sold subject to the payment of his mortgage to Miller, now held by the defendants, and after that, Ryder executed the mortgages to the plaintiff.

The liability of Thompson for the costs, and the liability of Ryder to Thompson under his assumption of the mortgage of Thompson, would make Ryder liable for the costs; but I am at a loss to see any liability for them from Gage, because he held a second mortgage on the premises.   He never assumed the payment of any mortgage, and never made any promise of any kind to Thompson.   I can see no liability to Thompson, or no ground on which he could maintain an action against the plaintiff.   The court below erred in this respect, and the plaintiff was entitled to redeem on payment of the mortgage and interest.

The judgment should be reversed, and judgment ordered for the plaintiff.

MULLIN, J.   The only question arising on this appeal is, whether a purchaser at a sale of premises, by virtue of a judgment of foreclosure and sale of a junior mortgage, coming to redeem from a prior mortgage which has been foreclosed, is bound to pay the costs of the foreclosure when he was not a party to such action ?

As all persons having a legal or equitable interest in premises covered by a mortgage, have, by law, a right to redeem them from the lien of all prior charges or incumbrances thereon for a term of twenty years from the accruing of such right, it becomes necessary, in order to enable those having

liens on the premises, to enforce such liens, and to that end to cut off or foreclose the claims not only of the owner, but of all others having such charges or incumbrances, so that the person acquiring the title should take the same discharged of all such liens. Hence it is that in actions to foreclose mortgages, not only the mortgagor, but all persons acquiring an interest in the mortgaged premises subsequent to the making of the mortgage, must be made parties defendant.

But it is not necessary or proper to make persons claiming title to the premises adversely to the mortgagor, parties; nor is it necessary to make those parties who acquire their interest *pendente lite.*

Such being the reason for making all subsequent purchasers and incumbrancers parties, it follows that the rights of all such persons as are not made parties are not affected by a judgment in an action to foreclose a lien, and their rights of redemption are as perfect as if no such action had been brought or judgment rendered.

In *Vanderkemp* v. *Shelton* (11 Paige, 28), it appeared that Hoyt conveyed certain premises in Buffalo to Kingman and Welty in 1838, taking back a mortgage for the purchase-money. On the same day K. and W. conveyed to Smith and Shelton, who gave back a mortgage for purchase-money to Kingman, one of their grantors. K. assigned that mortgage to A. C. Stevens, in December, 1835, and both mortgage and assignment were duly recorded on the 21st of that month. In February, 1836, A. C. S. assigned the mortgage to Evans, and guaranteed the collection, and the assignment was duly recorded in May, 1836. In August, 1837, Evans assigned to complainants, which assignment was recorded within two days. In November, 1836, Hoyt filed a bill to foreclose the mortgage to him and Kingman and Welty, the mortgagors, and Shelton and Smith, their grantors, were made parties. But neither Stevens, the assignee of the second mortgage, nor Evans, who held it when suit commenced, were made parties. There was a decree and sale, and A. C. Stevens bid in the premises at the sale. Stevens, after his purchase, mortgaged the premises to Kissam, but as the subsequent

proceedings do not bear on any question arising in this case, I will forbear to go into any statement of them.

It appears by the facts stated, that the eldest mortgage was foreclosed, without making the holder of the junior a party, and that the assignee of such holder filed the bill to collect certain installments due on his mortgage. One of the questions presented to the chancellor was, what the effect of the foreclosure of the senior mortgage was on the rights of the holder of the junior mortgage, the latter not being a party to the action, and he held, in a very learned and elaborate opinion : 1st. That the sale under the decree in the foreclosure suit for the foreclosure of the senior mortgage, was wholly inoperative as to the rights of the assignees of the junior mortgage. 2d. That the only right that Stevens, the purchaser at the foreclosure sale, acquired as against such assignees, was the right to the prior lien upon the premises to the extent of the money due and unpaid upon the older mortgage, in the same manner as if Hoyt had assigned that mortgage to him without foreclosure. But that as against Shelton and Smith, the persons who executed the second mortgage, and who were parties to the foreclosure suit, he acquired the equity of redemption which remained in him previous to the master's sale. 3d. The interest that A. C. Stevens acquired by the sale, having notice of the subsequent mortgage, was to the extent of the amount then due on the first mortgage, and the right to the equity of redemption upon paying the amount due on the second mortgage, which was a specific lien on the premises. In *Vroom* v. *Ditmas* (4 Paige, 526), the chancellor decided that the effect of a statute foreclosure is to transfer to the purchaser the right of the mortgagee to the extent of his claim or interest in the mortgaged premises, for the security of his debt, and also to transfer to the purchaser so much of the equity of redemption as is not vested in subsequent mortgagees, nor bound by the lien of subsequent judgments.

The same principle was asserted in *Benedict* v. *Gilman* (4 Paige, 58). A sale by virtue of a power contained in a mortgage, made pursuant to the statute (3 R. S., 547), by

advertisement, was declared by the statute to be equivalent to a foreclosure and sale under the decree of a court of equity, so far only as to be an entire bar of all claim or equity of redemption of the mortgagor, his heirs and representatives, and of all persons claiming under him or them by any title subsequent to such mortgage; but the rights of all other persons, accruing before the sale, were not to be prejudiced by such sale, nor their rights or interests in any way affected.

It would seem to follow, that the purchaser under a judgment of foreclosure acquired no greater rights against subsequent incumbrancers and purchasers, not made parties to the action, than did the purchaser at a sale after advertisement pursuant to the statute, as against those who by the statute were declared not foreclosed by proceedings under it. The chancellor said, in *Vanderkemp* v. *Shelton* (*supra*), that the decree of foreclosure was wholly inoperative against a subsequent incumbrancer not made a party; and such was the effect of a sale under a statute foreclosure. The rights and remedies in the two cases of the several parties interested were identical after a sale.

In *Brainard* v. *Cooper* (10 N. Y., 356), GARDINER, J., delivered an opinion, in which three other judges of this court concurred, in which he shows by authority that the foreclosure of a mortgage by action is wholly inoperative as to an existing judgment creditor not a party to the suit. The judgment in that case was affirmed upon an equal division, after a second reärgument, and the case is not therefore authoritative, except so far as the reasoning of the learned judge commends itself to us by its cogency and soundness.

Let us now proceed to inquire what a party entitled to redeem acquires on the redemption of mortgaged premises. By the mortgage, the mortgagor in form conveys whatever estate he has in the land. In reality, it is but a security for a debt. In order to place him in the condition in which he stood before the mortgage was given, he must have either a reconveyance of the premises or a satisfaction of the mortgage. The usual decree for redemption in his case is for a reconveyance. (See Precedents, 2 Barb. Ch. Pr., 630; id., 199.)

When a subsequent incumbrancer comes to redeem, the relief to which he is entitled will depend upon whether the prior mortgage has been foreclosed by a decree and a sale under it. If it has, the purchaser has acquired a title to the premises, and that title must be conveyed to him, in order that he may stand unaffected by proceedings to which he was not a party. If there has not been a decree, he is entitled only to the mortgage; if there has been a decree, he is entitled to it. Because the mortgage is gone, the debt is merged in the decree; and, hence, an assignment of the mortgage would be of no value to him, as he could not use it to reimburse himself, and the mortgagee has before sale no other or higher interest than he had under the mortgage. And to permit another action to foreclose the mortgage, would be worse than folly. (*Pardee* v. *Van Auken*, 3 Barb., 534; Opinion of Gardiner, J., in *Brainard* v. *Cooper, supra.*)

In *The People* v. *Beebe* (1 Barb. S. C., 379), it was held, that a decree of foreclosure extinguishes the mortgage, although not docketed, and after a sale on the judgment of foreclosure, neither the mortgage nor decree is any longer a lien on the premises.

It would seem to follow, that, notwithstanding the subsequent incumbrancer is not affected by a foreclosure to which he is not a party, yet, coming to redeem, he necessarily derives a benefit from the costs incurred in foreclosing the mortgage he seeks to redeem. If a suit has been commenced, he may continue it. If it has gone to a judgment, he necessarily takes it; and if there has been a sale, he gets whatever title the purchaser acquired through the sale.

The next and only remaining question is, how much the creditor, coming to redeem, must pay, in order to entitle himself to redeem. All agree that he must pay the amount due on the prior mortgage. But it is denied that he must pay the costs of the action of foreclosure, to which he was not a party, for the reason that he derives no benefit from it. I have endeavored to show that he does derive a benefit from an action to foreclose; and he is, therefore, bound to pay the costs. But cases are cited which, it is claimed, have settled

the question of liability to pay costs — holding that there is no such liability.

The first case to which we are referred is *Benedict* v. *Gilman* (*supra*). In this case the chancellor did hold that a subsequent incumbrancer, coming to redeem from a foreclosure sale under the statute, is not bound to pay the costs of such foreclosure; that such a purchaser is entitled to no more than he would have been if he had taken an assignment of the mortgage. And the reason of the decision is, that the subsequent incumbrancer, by redeeming, derives no benefit from the foreclosure. In this, I think, the learned chancellor is mistaken. By the very terms of the statute, the mortgagor and his heirs and representatives were foreclosed as effectually as they would be by a decree in equity. The purchaser has, therefore, acquired the mortgagor's equity of redemption, subject to the liens thereon previous to the mortgage foreclosed. He has acquired a title. The sale has, as against the mortgagor, satisfied the debt, and the lien is utterly gone. The redeeming creditor is, therefore, entitled to a conveyance from the purchaser, and he thereby obtains the benefit of the proceedings to foreclose.

The chancellor, in *Vroom* v. *Ditmas*, reiterated his decision in *Benedict* v. *Gilman*, and assigns for it the same reason, to wit, that the foreclosure and sale were wholly inoperative. But, with the most profound respect, I insist that this is not the true test of the liability to pay the costs of the foreclosure. It should be, whether, by the redemption, he will derive any benefit from them. And it seems to me entirely clear that the redeeming creditor obtains the same benefit by redeeming from a sale on a statute foreclosure that he would from a foreclosure in equity, where himself and other subsequent incumbrancers are not made parties. In each case the equity of redemption has been acquired, subject, it is true, to the subsequent liens. But the legal title has been acquired, and the redeeming creditor gets it.

In *Robertson* v. *Ryan* (25 N. Y., 320), the mortgagor was not made a party, and the legal title was not transferred, and neither the purchaser nor the redeeming creditor was

any better off than they would have been by an assignment of the mortgage merely. I very much doubt whether any benefit whatever results from such an abortive attempt at foreclosure; and there was no reason in that case why the creditor should be required to pay costs.

It was held in *Lomax* v. *Hide* (2 Verm., 185), that the plaintiff, a second mortgagee, coming to redeem, the defendant, who had been at great expense in lawsuits to foreclose, the mortgagor, and otherwise in relation to the estate, was bound to pay, not the taxable costs only, but all the costs and expenses of the litigation. (See 6 id., 601; 2 Pow. on Mort., 1067, 1068.)

In any view of the case, it seems to me the plaintiff was bound to pay the costs of the foreclosure.

. The judgment should, therefore, be affirmed, with costs.

DENIO, Ch. J., SELDEN, WRIGHT, DAVIES, and INGRAHAM, JJ., were for reversal; MULLIN and JOHNSON, JJ., for affirmance; HOGEBOOM, J., did not vote.

Judgment affirmed.