Grover, J.
The counsel for the appellant insists that the action may be regarded as one for the recovery of real estate, and that therefore the time limited by statute for its commencement after it accrued is twenty " years. {Code, § 78).
But this, within the meaning of the statute, is not. an action for the recovery of real property. That was intended to include such cases only as prior to the enactment of the Code, were actions at law for the recovery of real property or its possession, which were triable by jury. This is manifest from all the provisions of the Code fixing the time within which actions for all purposes must be commenced.
All the allegations of the complaint in this case show that the plaintiff, claiming to be the owner of the fee of the lots in question, —subject to the lien of a mortgage thereon .given by his grantor, of which the defendants were in possession as mortgagees under such mortgage, *5 —instituted the action for an accounting between the parties, and for liberty to pay the amount ascertained to be due, and upon such payment being made, to be let into possession. This, instead of an action to recover real property or its possession, within the meaning of the Code, was an equitable action to have the amount due upon the mortgage ascertained, and the sum that upon equitable principles he was bound to pay to exonerate the lands from the lien fixed, and, upon payment to have a discharge of the lands from the incumbrance, and the possession given to him. Of such a suit, prior to the Code, no court of law had jurisdiction. It was exclusively of equity cognizance. The case is not altered by the fact that a recovery of the possession is prayed for as a part of the relief sought, and which may be had, in the action. The latter relief was always given in equity in like cases prior to the Code. „
An examination of the various provisions of the Code limiting the time for the commencement of actions shows that the relief sought in this action is not specially provided for in any of them. Hence, it comes within section 97, which provides that “an action for relief not hereinbefore provided for, must be commenced within ten years after the cause of action shall have accrued.”
The majority of the court below rightly held that ten years was the limit fixed for the commencement of the action after the cause accrued. The question is, when did it accrue. Was it the time when the money secured by the mortgage became due, or the time when the defendants or their grantors entered into possession. If the former, the judgment is right, as the money became due much more than ten years prior to the commencement of the action. If the latter, the judgment dismissing the complaint was erroneous, as there was no proof tending to show that the defendants or their *6 grantor entered into possession ten years before the commencement of the action.
The argument upon the part of the defendant is, that the mortgagor, upon the money becoming due, has a right to come into a court of equity to have the amount of the lien determined, and to have the lien •' discharged of record upon payment. So far his position is correct. The right to such an action then accrues. But is the deduction therefrom equally sound ; that is, that this right is barred by the statute after the lapse of ten years. If so, the mortgagor after this is placed in a somewhat embarrassing condition. I am now speaking of a case where the mortgagor has continued in possession. He remains liable to an action for the foreclosure of the mortgage after the lapse of ten years. His title remains incumbered upon the record and he has1 no power to get it discharged. It may be said that he can discharge the lien by a tender of. the amount due upon the mortgage (Kortright v. Cady, 21 N. Y., 343, and other cases cited). But although this will discharge the land, it will not relieve it from the apparent incumbrance upon the record, which may be a matter of considerable importance to the mortgagor. Besides, the amount due may be uncertain, and the aid of equity may be necessary to determine it, and the evidence of the tender may be lost. It is an acknowledged branch of equity jurisdiction to remove clouds from the title, at the suit of the owner of the fee. Such owner has a right to invoke this aid. But must he do it within ten years after the commencement of the cloud, or may he do it at any time' during its existence, while he continues such owner % My conclusion is that this is a continuing right, that may be asserted at any time during the existence of the cloud ; never barred by the statute of limitations while the cloud continues to exist. This results from the continuing character of the right, which is equally *7 patent after the lapse of eleven years, that it was during the' first ten. It is a right, inherent in the owner of the fee, to have clouds removed, and apparent but not real 'incumbrances discharged of record, at all times.- While the owner of the fee continues liable to an action for the foreclosure of a mortgage or for the payment of any incumbrance upon his land which is . past due, he has a continuing right to the aid of equity to determine the amount, if uncertain, and to compel its discharge upon payment; and an action to enforce this continuing right cannot be barred by the statute of limitations for the reason that it is continuing. This is analogous to the rule as to private nuisances, which are regarded as continuing injuries, and although damages sustained therefrom cannot be recovered for more than six years prior to the commencement of the action, yet a recovery may be had for this period, although the-nuisance had its origin before such time.
This conclusion is sustained by the learned editor of Kent's Com., 11 ed., note 1, vol. 4, 313.
But the present is a much stronger case against the bar of the statute. Here toe plaintiff who has .acquired the title of the mortgagor is out of possession. The defendants, if they have acquired the rights of the mortgagee, can defend their possession by virtue of the mortgage (Phyfe v. Riley 15 Wend., 248; Chase v. Peck, 21 N. Y., 581). The aid of equity has, in that case, become necessary for the plaintiff to remove this mortgage, before he can recover possession. But when did such aid become essential to him?" Clearly not until the defendants or their grantor entered into possession. Then, and not until then, did the plaintiff require this remedy to regain the possession. His cause of action for this purpose did not accrue until such possession was taken. This has been so held by the supreme court of' Wisconsin, under a statute almost precisely similar to that of this State (Knowlton *8 v. Walker, 13 Wis., 264; Waldo v. Rice, 14 Id., 286).
The statute, I think, would not then commence running, had the defendants or their grantor entered and continued in possession avowedly as mortgagees, and would not now, while they so held, for the reason, that it is a continuing right of the owner to pay off and discharge a mortgage, and, by so doing, to regain the possession of the land.
But so far as appears in this case, neither the defendants nor.their grantor entered and held the possession merely as mortgagees, but, on the contrary, claimed the entire fee under deeds in fee, commencing with a deed of a master in chancery given upon a sale, made in an action for the foreclosure of the mortgage in question, to the purchaser. The plaintiff not having been made a party to that action, it is a nullity as to him (Gage v. Brewster, 31 N. Y., 218). Under these facts, if the possession of the defendants or their grantor has continued for ten years, the action is barred by the statute ; otherwise not.
It is suggested by the counsel for the plaintiff that as more than twenty years had elapsed from the time the money became due upon the mortgage before the commencement of the action, the presumption of payment created by the statute has attached. It is a complete answer to this, that the complaint contains no allegation of payment. Besides, it sets forth the foreclosure sale and claims title under those proceedings.
It is also insisted by the counsel that the defendants have hot acquired the mortgage, and cannot therefore be regarded as mortgagees in possession. But the purchaser, at a mortgage sale ineffectual to pass the title, acquires thereby title to the mortgage (Robinson v. Ryan, 25 N. Y., 320; Winslow v. Clark, 47 Id., 261).
When, as in this case, a plaintiff has permitted his right to satisfy a mortgage to remain dormant *9 for nearly thirty years, during which others have paid the assessments and taxes, and made improvements in the belief that they had title under a foreclosure of the mortgage, he cannot complain that as a condition of regaining possession he is compelled to account for and pay such taxes, assessments, and for such improvements, according to the just and enlightened principles of courts of equity.
The judgment must be reversed and a new trial ordered, costs to abide event.
All the judges concurred in reversing the judgment.