MORTIMER F. REYNOLDS, Administrator, etc., Respondent, *v.* ANDREW PARK, Appellant.

Mrs. E. had title to two parcels of land, one known as the H. St., the other as the S. St. property. Upon the former was a mortgage given by her to C. K. commenced an action in the nature of a creditor's bill against Mrs. E. and her husband, upon a judgment against the latter, alleging that said lands had been conveyed to Mrs. E. in fraud of the creditors of her husband. C. was not made a party. By the judgment in said action the deeds to Mrs. E. were declared fraudulent and void as to creditors, and the lands were adjudged to be the property of E., and subject to K.'s judgment, and were ordered to be sold to satisfy the same. Subsequently Mrs. E. executed a mortgage on the S. St. property to W., which mortgage was foreclosed and the premises bid off and conveyed to defendant. K. was not made a party to the foreclosure; C. thereafter foreclosed his mortgage without making K. a party. On the sale plaintiff's intestate became the purchaser. Defendant thereupon purchased and took an assignment of K.'s judgment, and was proceeding to enforce it by a sale of the H. St. property when this action was brought to restrain him. *Held*, 1st. That the lien of C.'s mortgage being paramount to K.'s judgment, Mrs. E.'s equity of redemption in the H. St. property only became subject to the lien of the

judgment; that by the omission to make K. a party to the fore-closure it was void as to such lien, and the equity of redemption still remained subject thereto; and that plaintiff by his purchase became the owner of the fee, subject to the lien of the judgment upon the equity of redemption. 2d. That the S. St. property and such equity of redemption in the H. St. property were subjected to an equal liability upon K.'s judgment; that the giving of the mortgage to W. was an alienation *pro tanto* of Mrs. E.'s interest in the former, and created an equity in his favor to have the judgment satisfied out of her remaining interest in both parcels; that the foreclosure of said mortgage extin-guished and was in effect an alienation of all her title to the premises, leaving her still the owner of the equity of redemption in the H. St. property. 3d. That under the rule that where a portion of lands subject to an incumbrance have been conveyed, the remainder shall be first applied to discharge the incumbrance, defendant as purchaser upon foreclosure of the W. mortgage was entitled to have Mrs. E.'s equity of redemption in the H. St. property first applied to the satisfaction of the judgment, and was entitled to sell the same under said judgment, and out of the avails of the sale plaintiff was first entitled to what was due on the C. mortgage, then defendant was entitled to the payment of the judgment, and the surplus, if any, belonged to plaintiff.

(Argued January 31, 1873; decided May 20, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, reversing a judgment in favor of defendant, entered upon the decision of the court at Special Term.

This was an action brought to restrain defendant from sell-ing certain premises situate in the city of Rochester belong-ing to plaintiff.

In the year 1852, one Urbane C. Edgerton was the owner in fee of certain real estate, situate in the city of Rochester, known as the Sophia street property. Edgerton subsequently caused mortgages on the property to be foreclosed, and the property to be bid in by his brother, who, in 1856, conveyed it to Harriet Edgerton, the wife of said Urbane C. Edgerton. In 1856, certain other real estate, known as the Hunter street property, was also conveyed to said Harriet, the pur-chase-money being paid by her husband. In the same year, 1856, said Harriet Edgerton executed a mortgage on the Hunter street property to Calvin T. Chamberlain to secure

the payment of $1,000. In 1850, one Jeremiah L. Knapp recovered a judgment against Edgerton, and in 1859 he recovered a second judgment against him. Executions were issued on these judgments and returned *nulla bona*, and thereupon a creditor's action was commenced by Knapp against Edgerton and wife, setting up that the conveyance to Mrs. Edgerton was made in fraud of her husband's creditors. Chamberlain was not made a party. Knapp recovered a judgment in that action, on the 26th September, 1859. By the judgment, the deeds to Mrs. Edgerton were declared fraudulent and void ; the whole property was adjudged to be the property of Edgerton and subject to the judgment, and it was ordered to be sold by a referee to satisfy the same. On the 12th of June, 1860, Harriet Edgerton and her husband executed a mortgage on the Sophia street property to James Woods and others, to secure the payment of the sum of $1,642.68. This mortgage was foreclosed and the property bid in by the defendant at the foreclosure sale, on the 10th of December, 1861, and the same was then conveyed to him by the referee. The mortgagors and mortgagees only were parties to this foreclosure suit. Prior to the 16th February, 1863, Edgerton made payments on the judgment, or decree, reducing it to $656.06, and Knapp on that day assigned the same to the defendant, he paying Knapp the full amount owing. On the 13th May, 1863, Chamberlain commenced an action to foreclose his mortgage on the Hunter street property, making Edgerton and wife only parties. On the sale plaintiff's intestate became the purchaser, and the premises were conveyed to him November 21, 1863. In 1865 defendant conveyed the Sophia street property by quit-claim deed. In 1866 defendant as assignee of Knapp proceeded to enforce the judgment by sale of the Hunter street property, and advertised it for that purpose. He also tendered to plaintiff's intestate the amount of the Chamberlain mortgage, claiming a right to redeem. This action was thereupon brought to restrain defendant from such sale, plaintiff claiming that the Sophia street property was primarily liable and should be first sold, he

offering to pay any deficiency.   The Special Term decided that the judgment was a lien upon and could be enforced against the Hunter street property, subject to the Chamberlain mortgage ; that the Sophia street property was not as between the parties primarily liable ; that defendant had a right to redeem and plaintiff had no cause of action.   Judgment was thereupon entered dismissing complaint, entitling defendant to redeem and. directing plaintiff to execute and deliver to him an assignment of the Chamberlain mortgage, unless plaintiff elect to pay defendant the amount unpaid upon the same.

The General Term reversed this judgment and directed judgment for plaintiff, to the effect that as between the parties the Sophia street property was primarily liable and must be first sold whenever a sale shall be had under the judgment recovered by Knapp, and that if any deficiency remain after such sale the plaintiff upon notice thereof and demand pay the same according to the offer in the complaint contained ; in default whereof the premises situate on Hunter street, or so much thereof as shall be necessary to satisfy such deficiency, be sold to satisfy the same.

Judgment was entered accordingly.

*James C. Cochrane* for the appellant.   Woods as mortgagee could have compelled Knapp to sell Mrs. Edgerton's equity of redemption in the Hunter street property first. (*Evertson* v. *Booth*, 19 J. R., 486 ; *N. Y. and N. J. Steamboat Co.* v. *Associates of Ferry Co.*, Hopkins, 460.)   As neither Knapp nor defendant was made a party, the lien of the decree was not affected by the sale.   (*Brainard* v. *Cooper*, 10 N. Y., 356 ; *Gage* v. *Brewster*, 31 id., 218.)

*Edward Harris* for the respondent.   The only effect of the decree obtained by Knapp would be to restore the title to the Hunter street property to Chamberlain.   (*Chautauqua Co. Bk.* v. *White*, 2 Seld., 237, 243 ; *Same* v. *Risley*, 19 N. Y., 373.)   The payment of the consideration of this property by Mr. Edgerton made him trustee for the husband's creditors to

a sufficient extent to satisfy their debts. (1 R. S., 728, §§ 51, 52.) This interest was not the subject of sale on execution. (*Garfield* v. *Hatmaker*, 15 N. Y., 475; *Wood* v. *Robinson*, 22 id., 564; *Brewster* v. *Power*, 10 Paige, 562.) This equitable interest can only be reached by bill in equity after the legal remedy has been exhausted. (10 Paige, 562; *Schreyver* v. *Teller*, 9 id., 173.) The judgment of the Special Term allowing defendant to redeem was erroneous. (26 N. Y., 64.)

Grover, J. The mortgage to C. T. Chamberlain upon the Hunter street property was given prior to the commencement of the action by *Knapp* v. *Edgerton and wife*. This mortgage was a valid lien at that time, and the party holding it not having been made a party to that action, the lien was not affected by the judgment therein rendered. Mrs. Edgerton then held the title to the Hunter street property now owned by the plaintiff, subject to the lien of that mortgage, and also the Sophia street property, since owned by the defendant, which was, at that time, unincumbered. The action by Knapp was brought to charge both parcels with the payment of two judgments, theretofore recovered by him against the husband. It was decreed in the action that the conveyances under which Mrs. Edgerton acquired title to both parcels were fraudulent and void as against the judgments of Knapp, and the land therein described was adjudged to be the property of the husband as of the date of such conveyances, and, as such, subject to the judgments. And it was further adjudged that all the lands, or so much as might be necessary, be sold separately at public auction, by a referee named in the judgment for that purpose, pursuant to the directions therein given. This judgment has never, in any way, been executed or impaired, but has ever since and still continues in full force to the extent of the money unpaid thereon, except in so far as it may have been satisfied by operation of law, by the assignment thereof to the defendant while he was the owner of the Sophia street property, and by the subsequent sale and conveyance of that property by him. These facts, I

think, operated as a satisfaction in favor of the Hunter street property to the extent that the Sophia street property was bound to contribute, if anything, to the payment of the judgment in exoneration of that property. The Knapp judgment must, I think, be held as conclusively establishing that all the property was equally liable to the payment of the judgment, as to all parties since acquiring title from either Mr. or Mrs. Edgerton, and that their equities as between each other cannot be affected by showing that, in the mode by which Mrs. Edgerton acquired title, she had a right to have one portion of the property first sold, in exoneration of the remainder. If any such right existed, it should have been set up and provided for in the action brought by Knapp. We have seen that the defendant, as assignee of the Knapp judgment, can collect from the Hunter street property such portion only of the judgment as shall remain, after deducting therefrom any amount that the Sophia street property is required to pay for the relief of the former. This brings us to the facts that have occurred since the judgment in the Knapp suit, which must determine the equities of the parties. The Chamberlain mortgage has since been foreclosed without making Knapp, at that time still owning the judgments, a party, and the plaintiff has acquired title to the Hunter street property under this foreclosure. We have seen that the lien of the Chamberlain mortgage was paramount to that of the Knapp judgment. The latter was therefore a lien only upon the equity of redemption, and by the omission to make Knapp a party, the foreclosure in no manner affected his rights or the lien of his judgment; as to this, the foreclosure was a nullity. (*Brainard* v. *Cooper*, 10 N. Y., 356; *Gage* v. *Brewster*, 31 N. Y., 218.) The lien, therefore, continued upon the equity of redemption.

It appears, from the opinions given at General Term, that this foreclosure of the Chamberlain mortgage was held by one of the learned judges to have operated as an alienation of the property by Mrs. Edgerton as of the date of the Chamberlain mortgage, and so operating the Sophia

street property became primarily liable upon the Knapp judgments by the application of the well settled principle that where property subject to an incumbrance has been sold in parcels at different times, and it becomes necessary, to satisfy the incumbrance, to sell a part of such land, the sale must be in the inverse order of alienation. This principle is founded upon the obvious equity that the lands still owned by the party who ought to discharge the incumbrance shall be first applied thereto before resorting to the land granted, and that a purchaser of a part of the land may enforce this equity against all the residue retained by the debtor at the time of the conveyance to him. It was correctly held by the learned judge that a mortgage was an alienation *pro tanto* within the principle, and would be so held, so far as necessary to protect the security intended by the mortgage. But to present a case for the application of the principle, it is necessary that there should have been a conveyance of some interest embraced in the incumbrance. This is not true as to the Chamberlain mortgage. That was paramount to the lien of the Knapp judgment, and never in any respect subject to it, consequently the giving of this mortgage prior to the judgment could not be a conveyance by Mrs. Edgerton of anything embraced in the incumbrance. We have already seen that the omission to make Knapp a party to the foreclosure made that proceeding void as to the lien of the judgment. As to this lien there has been no foreclosure, and the equity of redemption still remains subject to it. The Special Term held that the defendant had the right to redeem from the Chamberlain mortgage. That remaining a mortgage as to his lien, perhaps he has this right as to the mortgage ; but the plaintiff, by the purchase at the foreclosure sale, Mrs. Edgerton having been a party, acquired not only the right of the mortgagee but also her equity of redemption, thereby becoming the owner of the fee, subject to the lien of the judgment upon that equity. This equity of redemption cannot be taken from him by redeeming from the mortgage. This brings us to the question of the liability of the Sophia

street property to contribute to the payment of the judgment. We have seen that the judgment in the Knapp suit subjected this and her interest in the Hunter street property to an equal liability in this respect. After the recovery of this judgment, Mrs. Edgerton, the owner of the Sophia street property subject to the lien, gave a mortgage thereon to Mr. Woods, which was subsequently foreclosed without making Knapp a party in the action. We have seen that the giving a mortgage upon a part of the incumbered land is an alienation of the interest to an extent sufficient to protect the security. It follows, that Mrs. Edgerton owning the equity of redemption in the Hunter street property and the Sophia street property, subject to the lien of the judgment upon both, by giving the mortgage to Woods created an equity in his favor to have the judgment satisfied out of her remaining interest in both parcels, being an equity of redemption in each. The Woods mortgage was foreclosed, and the property sold and purchased by the defendant at the foreclosure sale on the 10th day of December, 1861. Knapp not having been made a party the foreclosure did not affect the lien of the judgment, but it extinguished the title of the mortgagor. It was in effect an alienation by her of all her title to the premises. She still was the owner of the equity of redemption of the Hunter street property, and the purchaser of the Sophia street property at the foreclosure sale was entitled in equity to have this equity of redemption first applied to the satisfaction of the judgment before resort was had to the land purchased by him. The Chamberlain mortgage upon the Hunter street property was not foreclosed until May 13th, 1863, some three years after the foreclosure of the Woods mortgage. The lien of the judgment upon the former was not affected by the foreclosure, Knapp not having been made a party. The equity of redemption in this is primarily liable to the payment of the judgment. The plaintiff is entitled to what is due upon the Chamberlain mortgage. The defendant is next entitled to payment of the judgment. The plaintiff is entitled to the surplus, if any. This result will

be effected by selling the premises upon the execution issued upon the judgment.

The judgment of the Special, and that of the General Term must be reversed, and the complaint dismissed without costs to either party.

All concur.

Judgment accordingly.