FRANCIS G. SALMON, Respondent, *v.* JOSEPHINE M. ALLEN, Impleaded, etc., Appellant.

*Action for foreclosure of mortgage — parties to — rights of junior incumbrancers.*

The appellant, in pursuance of a contract with C. H. Beman, conveyed certain premises to one D. D. Beman, and took back a purchase-money mortgage. Subsequently, D. D. Beman executed a second mortgage to said C. H. Beman, who afterwards assigned it to one Riggs, as collateral security for advances, and the same was subsequently assigned to one Boody, both assignments being recorded. Thereafter, in an action brought to foreclose the first mortgage, to which D. D. and C. H. Beman were, but Riggs and Boody were not, made parties, a sale was ordered and the premises were purchased by Allen, who conveyed them to Gedney, who is also a party defendant in this action.

Subsequently Boody assigned his mortgage to the plaintiff for a nominal consideration. In an action for the foreclosure thereof brought by him, to which appellant was made a party, the referee directed a sale of the premises, subject to the lien of appellant's mortgage.

*Held,* that the mortgage could be enforced by plaintiff for only that amount which was due to Riggs from C. H. Beman, at the time of the assignment to Boody; that the remainder thereof belonged to C. H. Beman, and was cut off by the foreclosure to which he was a party.

That the plaintiff had no right to make the appellant a party to the action, and should be charged with her costs therein.

That it was error to order a sale subject to the lien of appellant's mortgage; that plaintiff was only entitled to a judgment allowing him to redeem the premises, by paying to her what was due upon her mortgage.

Appeal from a judgment in favor of the plaintiffs, entered upon the report of a referee.

*C. M. Marsh,* for the appellant.

*M. B. Smith,* for the respondent.

Davis, P. J.:

The facts of this case as they appear in the findings of the referee and in the evidence, are substantially as follows: The appellant was owner of certain premises which she contracted to sell to one Charles H. Beman. The contract provided for the conveyance by the appellant to Beman, when he should have commenced and brought the building of certain houses to a designated stage. Afterwards, when Beman had commenced such buildings and had

become entitled to the conveyance, the appellant, at his request, conveyed the premises to one Daniel D. Beman, who executed to her a purchase-money mortgage for $10,000. Daniel D. Beman, subsequently, at the request of Charles H. Beman, executed to him the bond and mortgage sought to be foreclosed in this action. Charles H. Beman assigned this mortgage to one Riggs, as collateral security for certain advances; Riggs subsequently assigned the same to one Boody. These assignments were put upon record. Mrs. Allen, the appellant, commenced a foreclosure suit of her mortgage, executed by Daniel D. Beman for the purchase-money of the premises, and to that action she made parties defendant Daniel T. Beman and Lucinda his wife, Charles H. Beman and others, but did not make Boody, the assignee who then held the mortgage as collateral security, a party. Upon a decree in that foreclosure suit, the property was sold and bought by Mrs. Allen, and by her contracted to be sold and afterwards conveyed to one Charles Gedney, who is a party defendant to this action. After the judgment of foreclosure in Mrs. Allen's action, on May 7, 1873, Boody assigned the bond and mortgage, given by Daniel T. Beman to Charles H. Beman, to the plaintiff, as attorney, for a nominal consideration. Subsequently, the plaintiff commenced this action of foreclosure upon the mortgage assigned to him, making Gedney and his wife and the appellant Mrs. Allen, parties to the action, and alleging in his complaint that they claimed to have or had some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien had accrued subsequently to the lien of his mortgage. Mrs. Allen answered in the action, amongst other things averring that the mortgage made by Daniel T. Beman to Charles H. Beman, which the plaintiff was seeking to foreclose, had no valid or legal consideration, and setting up the purchase-money mortgage made to her and the foreclosure thereof and the sale and purchase by her, and that she had taken possession of the property and conveyed the same to Gedney, and that a large sum of money, to wit, $20,000 or $25,000 had been expended in erecting buildings thereon, and praying that the mortgage mentioned in the complaint of the plaintiff be adjudged to have been foreclosed and cut off by the judgment in her action.

It appears that the assignment of the plaintiff's mortgage by

Charles H. Beman to Riggs, was made as a collateral security for moneys advanced; that the assignment to Boody was substantially of the same character, and that the assignment to the plaintiff in this action was, substantially, without consideration.

The referee has found all these assignments to have been made in good faith and for valuable consideration. He does not seem to have regarded it as of any importance that these assignments were made as collateral to an indebtedness, which may have been at the time of Mrs. Allen's foreclosure much less than the amount of the mortgage now sought to be foreclosed. Charles H. Beman was a party to that foreclosure, and so far as he had any interest in the mortgage which had previously been assigned by him as collateral, to Riggs, and then by some arrangement transferred also as collateral to Boody, that interest was cut off by the foreclosure sale. The referee ought, therefore, to have made some inquiry into the condition of the claim which Boody had to the mortgage at that time, so as to have ascertained the amount for which he was entitled to hold it as collateral as against Charles H. Beman. The plaintiff as assignee of Boody, is only entitled to enforce that mortgage, under the circumstances, for the amount and to the extent that Boody could have claimed as between himself and Charles H. Beman (for all beyond that would be Beman's interest in the mortgage), and that would be only for the amount that Riggs is entitled to hold it for, as between him and Beman.

The referee does find that the claim and interest of Riggs in the bond and mortgage was transferred to Boody for value, but fails to find what that interest was. Riggs could convey no greater interest, by his assignment to Boody than he himself had as between him and Beman, and, therefore, if Beman had any interest in the mortgage which was held by Riggs as collateral, it would be cut off *pro tanto* by the foreclosure; and equity would only permit the enforcement of the mortgage as against the property, under the circumstances of this case, to the actual amount at which Riggs and Boody could hold it in a controversy between them and Beman. On this question the case is not only in some degree of confusion, but has a somewhat disagreeable atmosphere.

The plaintiff had no right to file his bill of foreclosure in the manner he did, making the appellant a party as an alleged junior

incumbrancer. By doing so he necessarily forced her to come in and answer and set up the facts of the case for her protection; and for that reason he ought to have been charged with the costs of the defense.

But a serious difficulty arises in this case upon the facts found by the referee, and established by the evidence, as to the remedy to which the plaintiff is entitled. By the foreclosure of Mrs. Allen's mortgage and her purchase at the sale, the fee has become vested in her and her mortgage is completely extinguished. By the failure to make Boody a party to that suit the foreclosure is inoperative to cut off his right of redemption; but it does not follow from that fact that he has the right to treat the mortgage to Mrs. Allen as still subsisting as a mortgage only, and to have the judgment of the court directing that the premises be sold on his mortgage subject to the lien of Mrs. Allen's mortgage. That course would tend to throw the title into great confusion, for there can be no doubt that, as between the owner in fee and the other persons who were made parties to the foreclosure of Mrs. Allen's mortgage, her title to the lots under the foreclosure is complete, and her mortgage is extinguished by the conveyance to her of the fee under the decree.

All the right that the plaintiff has, therefore, in equity, under his junior mortgage, is the right to redeem the premises from Mrs. Allen, by paying off the amount of her mortgage and interest, unless she chooses to come in and pay the amount of his mortgage for the purpose of perfecting her title.

The complaint and answer present together a state of pleadings under which, on proper findings by the referee, a proper judgment can be made by the court. We think it was not proper to have adjudged a sale of the fee of the premises subject to the lien of Mrs. Allen's mortgage, as the judgment in the court below does, but that instead of such a judgment a decree of redemption should have been entered in accordance with the established practice in equity. (*Gage* v. *Brewster*, 31 N. Y., 218; *Vroom* v. *Ditmas*, 4 Paige, 526; *Vanderkemp* v. *Shelton*, 11 id., 28; *Benedict* v. *Gilman*, 4 id., 58; *Pardee* v. *Van Anken*, 3 Barb., 534; *Brainard* v. *Cooper*, 10 N. Y., 356; see opinion of MULLIN, J., in *Gage* v. *Brewster*, *supra*, at p. 226; *People* v. *Beebe*, 1 Barb., 379; 2 Barb. Ch. Pr. [rev. ed.], p. 193 *et seq.*, and notes.)

Upon the facts before the court, the decree might probably be modified, but we think the question as to the amount for which the plaintiff's mortgage is a substantial lien on the equity of redemption, as above suggested, ought to receive further investigation.

We have not considered the question whether the plaintiff should be charged with the value of subsequent improvements in order to redeem. The facts upon which that question can arise will probably be more fully presented upon another trial.

The judgment should be reversed, new trial granted, with costs to appellant to abide event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial granted, costs to appellant to abide event.