■ GRID REALTY CORP. et al., Appellants, v MORRIS WINOKUR et al.,

Doing Business as NEW ISLAND INVESTORS, Respondents, et al., Defendants. —In an action pursuant to article 15 of the Real Property Actions and Proceedings Law to declare plaintiffs to be the owners of an undivided one-half interest in certain real property and to recover damages predicated upon alleged wrongful acts relating to a mortgage foreclosure action, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated December 14, 1976, which granted respondents' motion to dismiss the complaint. Order affirmed, with $50 costs and disbursements. The chronological background, insofar as is pertinent to this appeal, is that the subject property was held by defendants Angelo and Rose Marie Sardo as tenants by the entirety since 1962 and that the property became subject to a $14,000 mortgage held by respondent New Island Investors and recorded on September 1, 1971 (the individual respondents are the partners who comprise New Island Investors). Thereafter, a judgment in the amount of $6,262.60 against Angelo Sardo alone was recorded by Peteco Realty Corp. on September 14, 1971. On April 6, 1972 New Island Investors commenced a foreclosure action and filed a notice of pendency. That action was never completed and a second mortgage foreclosure action was commenced and another notice of pendency was filed by New Island Investors on January 8, 1974. Based upon an execution issued by Peteco Realty Corp., and upon notice to all judgment creditors and lienors, a Sheriff's execution sale of Angelo Sardo's interest in the property under foreclosure was held on February 11, 1974. Appellant Travitsky was the sole and successful bidder and he acquired Mr. Sardo's rights in the property for $200. A later conveyance by Travitsky to himself and Grid Realty Corp. occurred on March 4, 1974. In about October, 1974 counsel for respondents applied for, and was granted, an order appointing a referee to compute the amount due under the mortgage. That order also granted his request pursuant to CPLR 5236 (subd [e]) to drop subordinate creditors and lienors as necessary parties in the foreclosure action including, *inter alia,* Peteco Realty Corp. The court ordered those parties dropped and amended the caption. The foreclosure action proceeded to final judgment. At the referee's sale, no bidders appeared and respondents acquired a referee's deed to the property, which deed was recorded on January 16, 1976. Appellants first contend that the grantee of the Sheriff's deed (Travitsky) was not bound by the foreclosure judgment on the ground that the dropping of Peteco Realty Corp. as a necessary party and the failure to add Travitsky vitiated the foreclosure proceeding because Travitsky was a necessary party therein. They also contend that, assuming Travitsky was bound by the mortgage foreclosure proceeding, respondents had conspired to restrict the bidding at the foreclosure sale so as to prevent a surplus. We reject both contentions. Plaintiffs had no right to a declaration that they were the owners of an undivided one-half interest in the fee title to the premises. Under CPLR 6501 the filing of a notice of pendency acts as constructive notice "to a purchaser from, or incumbrancer against, any defendant named in a notice of pendency", and "A person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as if he were a party." As purchaser of a one-half interest in the property at the Sheriff's sale, Travitsky acquired the right to share in any surplus at foreclosure; thus, a fraudulent scheme to avoid a surplus would give rise to a cause of action. However, a review of the complaint discloses that the allegations therein are purely speculative and even if deemed to be true do not state a cause of action. Rabin, Hawkins and O'Connor, JJ., concur; Hopkins, J. P., dissents and votes to reverse the order and to deny the motion to dismiss the

complaint, with the following memorandum: A judgment creditor possesses the equity of redemption (*Reynolds v Park,* 53 NY 36; *Brainard v Cooper,* 10 NY 356). His rights are transferred to the purchaser on an execution sale (59 CJS, Mortgages, § 828, subd a; cf. *Schnitzer v Fruehauf Trailer Co.,* 283 App Div 421, 426, affd 307 NY 876). When the respondents dropped the judgment creditor as a party defendant, the right to redeem remained unimpaired; the subsequent foreclosure sale did not extinguish that right (see 15 Carmody-Wait 2d, NY Prac, § 95:31, pp 598-599), all the more so if the respondents had notice of the outstanding interest held by the plaintiffs (see *Vanderkemp v Shelton,* 11 Paige Ch 28; cf. *Benn Riegel Contr. & Supply Co. v Seigel,* 110 Misc 710; *Gage v Brewster,* 31 NY 218). The second cause of action also is sufficient as a pleading.