■ BANKERS TRUST, Respondent, v FRANK THOMPSON, Also Known as FRANK L. THOMPSON, Appellant. [785 NYS2d 86]—

In an action pursuant to RPAPL article 15 to compel the determination of a claim to real property, the defendant appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated September 19, 2002, which denied his motion to reduce the redemption price to the amount paid by the plaintiff to purchase the property at the foreclosure sale.

Ordered that the order is affirmed, with costs.

In a foreclosure action in which the defendant, the alleged owner of the subject property, was not named or served, the plaintiff mortgagee purchased the property at a foreclosure sale for $130,000, an amount that was less than the total sum then due to the plaintiff. The plaintiff thereafter commenced this action pursuant to RPAPL article 15 to compel the determination of the defendant's claim to the subject property. By judgment entered September 21, 2001, from which no appeal was taken, inter alia, the defendant was given an opportunity to redeem the subject property upon payment of "the amount due and owing the plaintiff," to be determined by a referee. After the Referee computed the redemption price to be $182,346.58, the defendant moved to reduce it to $130,000, the amount of the plaintiff's successful bid at the foreclosure sale. The motion was denied and the defendant appeals. We affirm.

Contrary to the defendant's contention, the basis for calculating the amount required to redeem the subject property was not the amount bid by the plaintiff at the foreclosure sale, but the total amount, including principal and interest, due on the mortgage at the time of the sale (*see Gage v Brewster,* 31 NY 218, 220-222 [1865]; *see also 50 E. 78 v Paneth,* 247 AD2d 222 [1998]; *Benedict v Gilman,* 4 Paige Ch 58 [1833]; 78 NY Jur 2d, Mortgages and Deeds of Trust § 414).

The defendant's remaining contentions are without merit. S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur.