ALBANY,
Feb. 1824.

Merry
v.
Hallet.

In the matter of R. MERRY *against* STEPHEN HALLET, Sheriff of HERKIMER county.

RYAN, recovered judgment against Suitor, for $52 71, before a Justice of Herkimer county, filed a transcript with the Clerk of that county, and sued out a *fi. fa.* under which the Sheriff levied on a term of years, in a lot of land belonging to Suitor, and after advertising it for sale for six weeks, in a public newspapei of the county, sold it at public auction to the relator, Merry, who was the highest bidder. The Sheriff made and filed the usual certificate of the sale, which took place on the 24th day of January last.

> A judgment is not a lien on a term for years. Which, when sold on an execution, is irredeemable after one year. A judgment creditor cannot redeem a term of years.

The purchaser insisted that he was entitled to an assignment of the term immediately; that the act giving time to redeem lands sold upon execution, does not apply to a term of years: he accordingly demanded an assignment of the Sheriff, who declined executing one till the usual time of redemption had expired, unless this Court should be of opinion, that the redemption law did not apply.

The above facts being agreed on by the relator and the Sheriff,

*M. Hoffman*, by the consent of both parties, and for the purpose of determining the question, moved for an alternative mandamus to the Sheriff, commanding him to assign, &c. He referred the Court to the act, (sess. 43, ch. 184,) the construction of the first, second and third sections of which were in question; and to the act relative to judgments, executions, and advertising real estate for sale. (1 R. L. 500. Id. 501, s. 2. Id. 505, s. 13.)

*Curia.* The only question is, whether a term for years is embraced by the words of the act. These are *lands or tenements,* the latter of which is a word of well known signification, importing not only land in which one has an estate of inheritance, or other freehold, but a term for years. This is a chattel real, and distinguishable, for many pur-

ALBANY,
Feb. 1824.
poses from a mere personal chattel. *Putnam* v. *Westcott*,
(19 John. 73,) is one illustration of the distinction. This
Court decided in that case, that a term is not to be considered goods or chattels for the purposes of a sale upon an
execution, issued out of a Justice's Court. The *party*,
therefore, has a right to redemption, during the year ; but
we are of opinion that the right ceases here, and is not carried over to a judgment creditor upon default of the party to
redeem, (as it would be if this were a freehold estate,) by
the third section of the act. This section confers no right
to redeem upon any one, other than a creditor, who has a
judgment which is a *lien* upon the land sold. A judgment
is not a *lien* on terms for years, but on freehold estates only.
This distinction was well established before the 29 Car. 2,
(1 R. L. 501, s. 3,) requiring judgments to be docketed in
order to affect the purchasers of lands, and has been kept
up ever since. A term is bound, like any other chattel,
only by an execution. This Court decided, in *Vredenburgh*
v. *Morris*, (1 John. Cas. 223,) that a judgment docketed is
not a *lien* on a term for years.

Motion denied.