Chancellor KENT, in his commentaries, remarks that the right of redemption exists, not only in the mortgagor himself, but in every other person who has an interest in, or a legal or equitable lien upon, the mortgaged premises; and that consequently every judgment creditor, and every other incumbrancer may redeem. (4 Kent Com., 162.)
Judge STORY says (2 Story Eq., § 1023) that a judgment creditor and every other person being an incumbrancer, or having a legal or equitable title or lien on the lands, may insist upon a redemption of the mortgage.
It is a right inherent in the land binding all persons coming in under the mortgagor, 1 Powell on Mort., 251, Comyn's Dig.,Mort., tit. 156, § 94. It rests upon a principle of *Page 358 
natural justice that every person having an interest in the mortgaged premises may protect and render it effectual by a redemption of the mortgage, thereby becoming substituted to the rights and interest of the original mortgagee. (Story Eq., § 1021.) It is a valuable right, of which no one can be deprived against his consent, without due process of law affording to him an opportunity of exercising it if he deems it advantageous to his own interest.
It is immaterial whether the lien or interest is legal or equitable, or whether the equity of redemption, considered as an estate, is of one character or the other.
These principles, if sound, and they have heretofore been supposed elementary, dispose of this case.
Wm. Halstead was the owner of a mortgage, which was a specific, and prior lien upon the mortgaged premises. I shall call him mortgagee for convenience. The respondent, as creditor by judgment, was a junior incumbrancer, with a general and legal lien, upon the same lands. Before foreclosure he had the right to redeem the mortgage. The exercise of the right is now indispensable to protect his interest, as his lien will expire before a sale by execution could be effected. His sole remedy is a redemption.
The foreclosure of the mortgage without making the complainant a party, was, it is conceded, as to him a nullity. The relation theretofore existing between the parties was unchanged by that proceeding, and was consequently subsisting in its full force at the time when the complainant offered to redeem, and at the time of the commencement of this suit.
But it is said that by the § 158, 2 R.S., 192, the deed executed by the master on sale by virtue of the decree, is declared to be "as valid as if the same were executed by the mortgagor and mortgagee." But as against whom is this effect given to the conveyance? The statute proceeds to declare "it shall be an entire bar against each of them (the mortgagor and mortgagee) and against all parties to *Page 359 
the suit in which the decree was made," c. No others are affected. But the statute does not stop here. The same section provides "that the deed shall vest in the purchaser the same estate, and no other or greater than would have vested in the mortgagee if the equity of redemption had been foreclosed." The effect of a strict foreclosure was merely to extinguish the right of redemption. The mortgagee obtained and held his estate, and all of it by virtue of the mortgage. The foreclosure barred the mortgagor and all other parties to the suit from ever after demanding a conveyance or surrender of that estate from the mortgagee. As to all the world the latter was but a mortgagee; and the only difference between those made parties to the suit and those not parties, was, that the former lost the right of redemption, which remained to the latter. (Watson v. Spence,
20 Wend., 262, 263.) This estate, that of a mortgagee after foreclosure, the statute in this case vested in Schureman Halstead as purchaser under the decree, and no "other, or greater." The deed of the master by which it was conveyed, was an entire bar against the mortgagee who had instituted the proceedings, and received value for his interest, and against the mortgagor, and subsequent incumbrances made parties, whose right of redemption was extinguished, as if the same had been by them severally executed.
This was its effect as a bar between those parties. But the sale did not vest in the purchaser the estate of the mortgagor, and make the former an assignee of the mortgage at the same time; but the estate and interest, one and indivisible, prescribed by the statute, namely, "that which would have vested in the mortgagee, if the equity of redemption had been foreclosed." According to the statute therefore, as well as by adjudged cases, it is clear that this foreclosure as against the complainant, a judgment creditor and not a party is utterly void. (3 J.C.R.,
465; 4 Kent, 184; 2 Seld., 562, 565.) It follows, that as to the mortgagor and all other parties to the suit, a mortgagee by the foreclosure obtains *Page 360 
what is equivalent to a fee in the mortgaged premises. As to the judgment creditor not a party, the mortgagee (or purchaser at the master's sale who succeeds to his rights) remains in possession as such, with a mere lien for his debt, liable consequently to account for the profits, and either to pay off the demand of the redeeming creditor, or on receiving the mortgage debt to convey to him the premises as the only thing representing the mortgage in his power to transfer.
But it is said, in the second place, that a naked judgment lien in this state, is not a sufficient title for the redemption of a prior incumbrance.
As this doctrine is in opposition to the principle laid down by every elementary writer, some authority must be shown to warrant the exception, and none such can be found. We are referred to 9J.R., 612; Coote on Mortgages, 514; and Powell onMortgages, 331. It is there said, "that no person can come to a court of equity, for a redemption of a mortgage, but he who is entitled to the legal estate of the mortgagor, or claims a subsisting interest under him."
But a judgment creditor having a lien has a subsisting interest under the mortgagor, within the letter and spirit of the rule, as held by Powell, and every other writer. (Powell on Mortg., 271, 274, note o.)
Difficulties occasionally occur in the English cases, in determining when the lien accrues, but when established, it always carries with it the right of redemption. When the mortgage is of a chattel interest in property, there is no lien until execution is issued. (Burden v. Kennedy, 3 At., 739;Shirley v. Watts, Id., 200.) The same rule prevails with us. (3 Paige, 320; 1 Id., 308; Merry v. Hallett, 2 Cow.,
497.) But in England, and in this country, judgments become a lien on the freehold estate of the debtor, from the time they are docketed, 2 Cowen, supra, and no execution is necessary to authorize a redemption. In Neate v. The Duke of Marlborough
(3 Myl. Craig., 416, 417), the chancellor *Page 361 
observed "that for certain purposes, the court recognizes a title by the judgment, as for the purpose of redeeming."
This decision was in 1838, and shows that in England, they allow a redemption where the lien is constructive. It was never doubted there, or anywhere else, until this case, that an actual lien, legal or equitable, always gave that right to the creditors. In Morret v. Westerne (2 Vern., 663), decided in 1710, it was held that a judgment creditor could sustain a bill to redeem a mortgage, where the mortgage had been previously foreclosed. The like in Godfrey v. Chadwell (2 Vern., 602), which is this case precisely, with the single exception that there the lien was upon an equitable instead of a legal interest. But in England, a fieri facias, or an elegit can issue upon a judgment, and there is no pretence that either were resorted to.
In Haines v. Beach (3 John. Ch. R., 460), the elder mortgage had been foreclosed, and the premises sold to a third person; the second mortgagee filed his bill against the purchaser to redeem, and allowed. The same principle in this case was applied to a lien upon the legal estate, which, in the case from Vernon, had been sanctioned as to the equitable.
In Roosevelt v. The Bank of Niagara (1 Hopk., 582), the bill was filed, by a judgment creditor, to redeem and compel an assignment of a mortgage, and the allowance of an account in favor of the mortgagors against the mortgagees upon the mortgage. Decree in their favor as to all the relief prayed, and decree affirmed in error on appeal. Here was no sale, no execution. The plaintiff claimed a right to redeem as judgment creditors, by virtue of a legal lien, on the legal estate of the mortgagors and as incident to that right to call upon the court to adjust the amount equitably due on the mortgage.
It was said in the court of errors (9 Cow., 413), that the plaintiffs coming in to redeem, as judgment creditors, were entitled to the assignment of the mortgage; and yet it is *Page 362 
said there is no authority for a redemption by a judgment creditor without sale. If by this, nothing more is meant than that such counsel as Van Vechten and Bleecker did not raise any such point, it must be admitted. The objection indeed is of modern origin, and so far as I can learn, was never suggested until the present controversy.
In Benedict v. Gilman (4 Paige, 58), the mortgage which was the first lien, had been foreclosed at law, and the premises bid in for the complainant, who filed his bill against Gilman, a subsequent judgment creditor, to compel him to redeem or stand foreclosed. Decree accordingly.
This, like the case in Hopkins R., is directly upon the point in controversy. By the foreclosure the mortgagor was barred of his equity of redemption, precisely as in the present case. The bill then called upon the judgment creditor, who had neither issued execution nor sold the land, to redeem or to forfeit all his rights. According to the doctrine put forth in this case, the creditor had no right to redeem; and yet, by a decree of the chancellor, he was compelled to exercise a right which he did not possess, or be foreclosed forever.
There are numerous cases in our reports which have not been cited, and to which I shall not refer, as they only recognize the general principle laid down in elementary writers. I conclude by expressing my belief that, within the last one hundred years, no decision of any court, no dictum of any equity judge, nor a suggestion of counsel in any case involving the question, can be produced to sustain the position, that a judgment creditor having a lien upon mortgaged premises, is not entitled to redeem without the issuing of an execution and sale of the land, or either of them.
I think the judgment should be affirmed.
JOHNSON, JEWETT and WATSON, Js., concurred.
RUGGLES, Ch. J., WELLS and MORSE, Js., were for reversal.
Five judges not concurring on the second reargument, the judgment was affirmed by force of the statute, Code, § 14. *Page 363