## WALSH a. THE RUTGERS FIRE INSURANCE COMPANY.

*· Supreme Court, Second District; General Term, July,* 1861.

FORECLOSURE.—JUNIOR MORTGAGE.—BILL TO REDEEM.—RENTS AND PROFITS.

Where a mortgagee foreclosed without joining the holder of a subsequent mortgage upon the same premises, whose title appeared of record, and on the sale under the foreclosure, the first mortgagee purchased the property and received the rents and profits,—*Held,* that as to the second mortgage, he merely became mortgagee in possession, and was liable to account for the rents and profits, and that the utmost effect of the foreclosure and sale was to transfer the equity of redemption from the mortgagor to the plaintiff in the foreclosure.

In such a case it is regular and necessary for the holder of the second mortgage to institute a suit to foreclose his mortgage, and the plaintiff in the first foreclosure is properly made a party defendant.

Under the foreclosure of the second mortgage, the prior mortgagee in possession is entitled to have a sufficient portion of the proceeds of sale applied to the payment of his debt and costs, but no offer to redeem the premises, or pay the first mortgage is required.

The mortgagee in possession, is to be charged with the rents and profits of the premises, and credited for payments for repairs, assessments, and taxes ; but is not compelled to pay the gross nominal rents where there has been no negligence in their collection.

Appeal from a judgment of the Kings County Court.

This action was brought to foreclose a mortgage on a lot of land in the city of Brooklyn. The same premises had been foreclosed under a prior mortgage, held by the Rutgers Fire Insurance Company, the appellants, and had been purchased by them, at the sale under the decree, for $500. By some oversight the company did not make the plaintiff in this action a party defendant to their foreclosure suit. The original holder of plaintiff's mortgage was made a party, but he had previously assigned the mortgage to one Jennings, the assignor of the present plaintiff, and at the time of the commencement of the action by the company, that assignment was on record. There

was contradictory evidence as to actual notice being given, but the County Court made no special finding as to this fact.

The Rutgers Fire Insurance Company took possession of the premises as purchasers, under their decree. The premises were tenement property, out of repair and in bad condition, and the company spent in repairs and improvements $363.51; and for taxes and assessments $389.23; and collected in net rents up to the time of the trial $248.90. The company had rented the premises to different persons at a rate which, if all collected, would have amounted, from the time of sale to the date of trial, to $926.60.

The County Court held that the plaintiff was entitled to a decree of foreclosure and sale, in the usual form: that from the proceeds of such sale the Rutgers Fire Insurance Company should be paid their costs, and the amount due them for principal, interest, taxes, assessments, and repairs, less gross nominal rents: that the plaintiff was next entitled to payment of his costs, and the amount due him on his bond and mortgage.

The Rutgers Fire Insurance Company appealed to the general term of the Supreme Court.

*Livingston K. Miller*, for the appellant.—I. The action to foreclose is improperly brought. It should have been an action to redeem. Foreclosure presupposes something to foreclose—viz., an equity of redemption. There is no equity of redemption in this case: that was foreclosed and extinguished in the former suit. (Post *a.* Arnot, 2 *Den.*, 344, opinion of Senator Porter, p. 351; Haines *a.* Beach,·3 *Johns. Ch.*, 459; Burnett *a.* Denniston, 5 *Ib.*, 35; Goldsmith *a.* Osborne, 1 *Edw.*, 560; Quin *a.* Brittain, 1 *Hoffm.*, 353; Watson *a.* Spence, 20 *Wend.*, 260; St. John *a.* Bumpstead, 17 *Barb.*, 100, see p. 102; Boque *a.* Coburn, 27 *Ib.*, 230; Brainard *a.* Cooper, 6 *Seld.*, 356.) These establish the practice and rights in such cases to be by redemption.

II. The only case holding a different doctrine is Vanderkemp *a.* Shelton (11 *Paige*, 28), which is prior in time to Post *a.* Arnot (2 *Den.*, 344), and may be considered qualified by the latter. In Vanderkemp *a.* Shelton, the doctrine sought to be laid down in the present case, of a right to foreclose, was not the principal question before the court.

III. The defendants, being prior mortgagees, were not necessary or proper parties to the action, and the complaint should therefore, as to them, have been dismissed with costs. (Frelinghuysen *a*. Colden, 4 *Paige*, 204; Holcomb *a*. Holcomb, 2 *Barb.*, 22; Corning *a*. Smith, 2 *Seld.*, 82; Eagle Fire Co. *a*. Lent, 6 *Paige*, 635.)

IV. The practical difficulties attendant upon a decree, in case foreclosure is permitted, are a sufficient objection to that course being taken. They are, among others: 1. The unnecessary expenses attending a suit and sale, which may be obviated by the bill to redeem, and the tender antecedent thereto. 2. The consequence, in case the property sells for an amount insufficient to pay off the first mortgagee's claim. 3. The absence of any prescribed time within which a sale shall take place, which the court may fix in an action to redeem, but for which a decree of foreclosure does not provide.

V. The court erred in charging defendants, The Rutgers Fire Insurance Company, with gross nominal rents. The decisions are express on this point—viz., that the parties in possession are only liable for rents actually received. (Moore *a*. Cable, 1 *Johns. Ch.*, 385; Van Buren *a*. Olmstead, 5 *Paige*, 9; Ruckman *a*. Astor, 9 *Ib.*, 517; Bell *a*. The Mayor, &c., 10 *Ib.*, 49–73; Quin *a*. Brittain, 1 *Hoffm.*, 353.)

VI. The court erred in refusing to name a day certain, within which the sale must take place, thus leaving the defendants, The Rutgers Fire Insurance Company, subject to the mercy of the plaintiff, whenever he may choose to enforce his decree, and effectually stopping them from making repairs or improvements, lest the benefit thereof should be lost to them by the sudden enforcement of the decree at any time. (See 2 *Barb. Ch.*, 193.; 2 *Hoffm.*, 156.

VII. The court erred in refusing to provide in the decree for a conveyance by defendants to plaintiff, on payment of amount due them.

VIII. The court erred in refusing to provide for the payment to defendants of their costs, by plaintiff, in case the property should sell for less than the amount due said defendants; for in such case, the plaintiff having provoked an unnecessary litigation, should bear the costs of it.

IX. The court erred in refusing to direct the property to be

put up at a price equal to the amount due defendants, thereby compelling them unnecessarily to attend the sale to protect their interests; which is the more manifest from this, that unless the property sells for such amount, the sale will be of no advantage to plaintiff, and in reality defendants will have to pay all the expenses of sale, as they must purchase to protect themselves.

X. The judgment of the court below should be reversed with costs, and so amended as to give the defendants judgment against the plaintiff for the difference between the net and gross rents as proven, $677.70, with costs, to be a lien on the property if purchased at the sale by any other party than the defendants, the company, and to be enforced against any other property of plaintiff. The defendants also to be allowed interest on the amount due them from the date of the decree, which has been omitted in the decree.

*Albert Day*, for the respondent.—I. Any thing proved upon the trial, and not in the answer, must be disregarded by the court. (Brazill *a.* Isham, 2 *Kern.*, 9, 190; McKyring *a.* Bull, 16 *N. Y.*, 297; *Code*, § 149.)

II. The exception to the finding that the appellant is chargeable with the gross nominal rents, instead of the net rents, cannot be sustained. (11 *Paige*, 28.)

III. The same exception cannot be sustained, because the court found as a fact that the defendants, Rutgers Fire Insurance Company, were chargeable with gross carelessness and negligence in renting the property in question.

IV. The judgment and decree of the court is, that the premises be sold within a reasonable time, which is all that is requisite.

V. If the plaintiff is entitled to redeem from the Rutgers Fire Insurance Company without sale, he may do so as a strict legal right; but, at all events, the insurance company had notice of the settlement of this decree, and proposed no such right in the decree.

VI. The plaintiff should not be held liable for costs because of the neglect, in the foreclosure suit of the former mortgage of the defendants, Rutgers Fire Insurance Company, to make the assignor of this plaintiff a party, they having had notice of said assignment before the commencement of the foreclosure suit upon their former mortgage.

VII. The sixth exception cannot be sustained, because the usual practice is adhered to in ordering a resale of the premises.

VIII. The case does not state that it contains ALL of the testimony taken before the court, and the presumption is, that there was other testimony to sustain its finding as to the negligence and carelessness of the said insurance company in renting the premises in question.

By THE COURT.*—EMOTT, P. J.—The lien of the plaintiff's mortgage, with all the rights attaching thereto, was left untouched by the sale, to which he was not a party. As to him, the insurance company were still mortgagees, and nothing more; and the only consequence of their proceedings to foreclose the mortgage was, that they became mortgagees in possession. This is substantially conceded by the defendants, when they contend that this action should have been simply a bill to redeem. The proposition, if it needs authority, is sustained by the cases of Slee *a.* The Manhattan Company (1 *Paige,* 48) and Vanderkemp *a.* Shelton (11 *Ib.,* 28), in which latter case there had been a foreclosure of a first mortgage in chancery without making the junior incumbrancer a party. The case of Vanderkemp *a.* Shelton is on all fours with the present, both as to the facts and the mode of relief. But it is supposed to be overruled by the case of Post *a.* Arnot, (2 *Den.,* 344). The latter case is itself distinctly overruled upon the main point decided, as to the effect upon the mortgage of a tender after the law-day, by the present Court of Appeals, in Kortright *a.* Cady (21 *N. Y.,* 343). It can hardly be said at present to be an authority for any thing. The point discussed in the case, however, so far as it is material to the present controversy, both in the Supreme Court (6 *Hill,* 65) and in the Court of Errors (*q. s.*), was a question of strict legal right. The action was ejectment, and the question was, whether the title of the mortgagee was extinguished by a tender after the law-day, so that no redemption was necessary subsequently, and no right of possession remained. The Court of Errors seem to have held, as far as the question was involved in the case, that a tender after the law-day, but before foreclosure, did not discharge the lien of the mortgage. The contrary is now expressly

* Present, EMOTT, P. J., BROWN and SCRUGHAM, JJ.

settled by the judgment in Kortright *a.* Cady. Either way, however, the present question would remain, and the reasoning and judgment of Chancellor Walworth in Vanderkemp *a.* Shelton is not affected.

It is conceded that the plaintiff would have a right to redeem the premises from the defendant's mortgage. If he should do so, and should acquire their possession and title, he would himself become a mortgagee in possession. The equity of the mortgagor to redeem his mortgage has not been extinguished or cut off. The utmost effect of the foreclosure and sale under the first mortgage upon this equity was, to transfer it to the Rutgers Insurance Company, as if they had taken a deed from Burr. And if this be so, then after the second mortgagee had acquired possession of the land by redemption from the insurance company paying their mortgage, they could redeem in turn, as grantees or assignees of the equity, by paying the whole debt to the plaintiff, who would be, as to the unextinguished equity, only a mortgagee in possession. In truth, the only question would be, in such a case, where the equity resided. Its existence could not be denied. As to the second mortgage, the rights and relations of the parties were not affected by what had taken place. The present plaintiff continued to be merely a mortgagee, and his title would not be perfected until the equity of redemption had been extinguished. If he had redeemed from the insurance company, it would still have been necessary for him to have foreclosed the equity of redemption, to have perfected his title. This is only stating with some detail and particularity the consequences of the principle, that the plaintiff is still a mortgagee, and nothing more, and unaffected by the foreclosure to which he was not a party. It follows, that it was not only regular but necessary to institute a suit like the present; and it does not lie with the Rutgers Insurance Company, at any rate, to object that it is brought against the mortgagee and subsequent incumbrancers, as well as against themselves, to foreclose their equities against the plaintiff's mortgage.

But the learned counsel for the defendants contends that his clients were improperly made parties to such a suit, because they are prior mortgagees; and he asserted the broad and somewhat startling proposition, that prior incumbrancers are never proper parties to a foreclosure suit. It might be sufficient to cite

against such a statement the universal practice, not so much since as before the abolition of the Court of Chancery and the introduction of the Code; and especially throughout the interior of the State, where business is done and questions considered without the rush and hurry that characterize the commercial metropolis. To this might be added the authority of Judge Story (*Equity Plead.*, § 192), who says that " all incumbrancers as well as the mortgagees should be made parties, if not as indispensable, at least as proper parties to such a bill, whether they are prior or subsequent incumbrancers." The books of chancery reports are full of cases defining and regulating the practice in foreclosures where prior incumbrancers are brought in. The defendants' counsel has overlooked one essential part of the statements which he finds in the cases, and from which he deduces his rule. " So far as mere legal rights are concerned," said the chancellor in the Eagle Fire Company *a.* Lent (6 *Paige*, 635), " the only proper parties to the suit are the mortgagor and the mortgagee, and those who have acquired rights or interests under them subsequent to the mortgage." That is, as he proceeds to say, a mortgagee cannot make a person holding or claiming a legal estate prior to the mortgage a party. If his claim is valid, he has nothing to do with the mortgage, and the holder of it has no rights against him. If it is not valid, it must be shown elsewhere, so long as it is adverse. The same doctrine, and nothing more, is contained in Corning *a.* Smith (2 *Seld.*, 82). But the estate of a mortgagor is not legal but equitable, and parties subsequent to him, whether incumbrancers or holders of a legal title, have the right to redeem from a mortgagee who is admittedly prior to themselves. A second mortgagee has the right to foreclose the equity of redemption of the mortgages, and to redeem a prior mortgage. He was never compelled to institute two separate suits to accomplish these results, but might make prior as well as subsequent incumbrancers parties to one action. In England, where the practice is to foreclose strictly, this is a bill to redeem from the first mortgage, and requiring the junior incumbrancers to redeem from both the prior mortgages or be foreclosed, and the complainant is in that country required, in all cases, to offer to redeem the first mortgage. But here the practice has been to sell to satisfy the mortgage, whether it be the first or a subsequent mortgage;

and the prior incumbrancer is protected by the application of sufficient of the proceeds in the first instance to pay his debt and costs, and no offer to redeem or pay the debt is required.

In the present case, the Rutgers Insurance Company were still mortgagees as to the present plaintiff. He might have redeemed from them, but as he had also a right, and was in effect compelled, to proceed to foreclose the mortgages, and parties claiming under the latter and subsequent to his mortgage, he had the ordinary right to make the holders of the prior mortgage parties to his suit, and to take the usual decree against them. All that they can claim upon such a decree is, that their costs and debt should be first paid out of the proceeds of the sale. There is no reason why the plaintiff should pay them, if the proceeds are insufficient. If these defendants have been compelled to attend two litigations and two sales in order to protect their interests, it has resulted from their own negligence in not making the necessary parties to their own suit. They could not ask the court to name a price at which the property should be set up, nor was it necessary to fix a time within which the sale must take place. If the plaintiff improperly delayed to proceed under the judgment, the defendants, the insurance company, could obtain an order of the court committing its execution to them.

As the Rutgers Insurance Company have been in possession of these premises, it became necessary to take an account of the rents received and the expenditures made by them, in order to ascertain the amount due them, and which must be paid them out of the proceeds of the sale. The county judge found, upon the evidence before him, that the gross or nominal rents of the property were $926.60, but that the defendants only collected $268.90. He does not find that there was any negligence on their part, and therefore there is no cause appearing for charging them with any thing more than what they actually received. They are entitled to be allowed their payments for assessments and taxes, amounting to $389.23, and for necessary repairs, amounting $363.51, and also to interest on the amount due them from the date of their decree. The judgment must be modified, by correcting the amount directed to be paid to the Rutgers Fire Insurance Company, according to these principles. Neither party will have costs of this appeal.