BYRON ALFORD AND ALLEN R. CURTIS, APPELLANTS, *v.*
EUGENE COBB AND THOMAS ARGUE, RESPONDENTS.

*Equitable subrogation — when a lessee paying a debt of his lessor is entitled to the*
*benefit of the doctrine — Attachment — when the action is for a breach of contract*
*it is sufficient to show that the sum is claimed to be due over and above all discounts*
*and set-offs — Code of Civil Procedure, secs. 635, 636.*

The plaintiffs alleged, in an affidavit used upon an application for an attachment,
that they had become the owners from the defendants of a lease of an oil well,
and a derrick, carpenters' rig and other improvements upon the leasehold
premises; that while they were such owners one Hotaling held a debt against the
defendants for furnishing the derrick, etc., at the defendants' request, and had
a lien therefor against the property; that he was about to enforce the payment
of the debt, and had placed an execution in the hands of the sheriff to procure
a sale of the property ; that in order to prevent a sale of the property the
plaintiffs were compelled to and did pay to the sheriff the amount of the debt.

*Held,* that the plaintiffs thereby became entitled to the debt and lien so held by
Hotaling.

That they thus acquired a cause of action for a breach of contract against the
defendants.

That in an action brought by them to recover damages for the aforesaid breach
of contract, an attachment might be issued under section 635 of the Code of
Civil Procedure.

The affidavit stated that the amount of "plaintiff's claim in said action is
$313.75, and interest from the 9th of January, 1882, over and above all dis-
counts and set-offs."

*Held,* that this was a substantial compliance with section 636 of the Code of
Civil Procedure, requiring the affidavit to show that the plaintiff is entitled to
recover a sum stated "over and above all counter-claims known to him "

APPEAL from an order of the Cattaraugus Special Term vacating
an attachment. The affidavit used to procure the attachment
alleged, among other things, that the plaintiffs were assignees of
the defendants of a lease of an oil well, rigs and other improve-
ments for oil production on said premises; that a lien was placed
upon said premises for work done for said defendants, and that the
plaintiffs to save the property had been obliged to pay the amount
of such lien.

*Bolles & Moulton,* for the appellants.

*Phelps & Eaton,* for the respondents.

HARDIN, J.:

Section 635 of the Code of Civil Procedure authorizes an attachment to issue " where the action is to recover a sum of money only as damages for one or more of the following causes:

" I. Breach of contract, express or implied, other than a contract to marry."

Plaintiffs must show by affidavit to the satisfaction of the judge granting the same that such a cause of action exists against the defendant. (Sec. 636.)

Plaintiffs, in their affidavit, show that they became owners of the lease for oil wells, and the derrick and carpenters' rig, and other improvements upon the leasehold premises, and that while they were such owners, one Hotaling held a debt and lien against the same and was about to enforce such debt and lien by a sale of the property, and to that end placed an execution in the hands of the sheriff of Cattaraugus county, and that, to prevent a sale of such property, the plaintiffs were obliged to pay and did pay to the sheriff the amount of the debt and lien held and owned by Hotaling. Thus the plaintiffs became entitled by subrogation to the lien and debt so held by Hotaling.

Prior to such payment, the defendants owed the debt to Hotaling. After such payment, the defendants were none the less indebted, and their obligation to pay was to the plaintiffs instead of to Hotaling.

If the plaintiffs were mere strangers to the property, *or were mere volunteers*, they would not have acquired an ownership from Hotaling. (*Cole* v. *Malcolm*, 66 N. Y., 366; *Patterson* v. *Birdsall*, 6 Hun, 640; *Gerwig* v. *Shetterly*, 64 Barb., 626; *Ellsworth* v. *Lockwood*, 42 N. Y., 98; *Clute* v. *Emmerich*, 26 Hun, 16.)

The indebtedness of the defendants was for the work and labor performed by Hotaling, which, in virtue of the mechanics' lien law proceedings, Hotaling was entitled to enforce by proceeding in such manner as to have a lien declared upon the property as well as a decree in *personam* against the defendants.

All of Hotaling's rights passed to the plaintiff who were compelled to pay Hotaling to prevent him, through the sheriff, selling their property.

Having thus become the owners in equity of the Hotaling debt,

the defendants were liable to the plaintiffs to pay their debt, and that debt was one arising out of their contract with Hotaling.

It may be that the defendants had sold the property to Garrett & Prentice, subject to the payment by them of the Hotaling debt. It may be that when they sold to the plaintiffs the plaintiffs had actual or constructive notice of the Hotaling debt, and only acquired such rights as Garrett & Prentice had in the property, and that they took the property under such circumstances, as in equity they were not entitled to pay the debt to save their property.

We are not informed by the affidavit as to these features of the case and we do not, therefore, pass upon them.

Upon the affidavit used in the application for an attachment the plaintiffs showed a *prima facie* right to pay off the Hotaling debt to prevent their property from being sold, and entitling them, in equity to hold and own all the rights of Hotaling against the defendants, and among these rights the promise of defendants to pay Hotaling for the carpenters' rig furnished by him at the special instance and request of these defendants. (*Belden* v. *Slade*, 26 Hun, 635; *Brainard* v. *Cooper*, 10 N. Y., 356.) Surely such a cause of action against the defendants is one arising out of a breach of contract, and therefore within the language and spirit of section 635 of the Code of Civil Procedure.

II. Section 366 of the Code requires the plaintiffs who applied for the attachment to show by affidavit that the plaintiff is entitled to recover a sum stated therein over and above all counter-claims known to him.

Was this provision of the statute complied with? It was held in *Trow P. Co.* v. *Hart* (60 How., 193), that this is a wholesome provision, and as the statute must be strictly observed, *the allegation, in the precise form*, or in substance, is as necessary as the statement of a cause of action."

With this rule before us, we turn to the affidavit and find it, viz.: "That the amount of plaintiffs' claim in said action is $313.75, and interest from the 9th of January, 1882, *over and above all discounts and set-off.*" * * *

Manifestly this affidavit is not in literal and exact compliance with the statute. May we hold it to be in substantial compliance with the statute?

From the language used in sections 500, 501, 502, 503, and the notes of Mr. Throop thereto, we are inclined to construe the words "over and above all discounts and set-off," as used in the affidavit, as containing a substantial compliance with the requirements of section 536, and that the plaintiffs, in effect, stated that the sum of $313.75 was due them "over and above all counter-claims known to them."

We, therefore, hold the affidavit to procure the attachment sufficient. Result is, the Special Term fell into an error in vacating the attachment.

The order should be reversed, with ten dollars costs and disbursements.

SMITH, P. J., concurred; HAIGHT, J., not sitting.

Order of Special Term reversed, with ten dollars costs and disbursements.