JACOB K. LOCKMAN, as Executor, etc., of RICHARD C. SAGE, Deceased, Respondent, *v.* THOMAS J. REILLEY, Appellant.

*Specific performance — a purchaser will not be compelled to accept a doubtful title — Will — when grandchildren have a vested remainder during the life of their parents.*

One Raynor died leaving a will by which, after making certain specific gifts and bequests, he gave, devised and bequeathed all the rest, residue and remainder of his estate, real and personal, to his executrix and executors, the survivors and survivor of them, in trust, with power to receive the rents and profits of the same, and to sell, dispose of and convey the same at such time or times and in such manner as to them should seem proper and best for the interest of the estate, and to invest and keep invested such rents and profits and the proceeds of the sale or sales. The income of two-sixths of such residue and remainder was to be applied semi-annually to the use of his wife during the term of her natural life, and after her decease these two-sixths were devised and bequeathed to his children living at her decease, and the lawful issue of any deceased child or children. The income of each of the other four of the six parts, into which the residue was to be divided, was to be applied to the use of each of the four children respectively of the testator during its life, and at its death its share was devised and bequeathed to its children then living, and the lawful issue of any deceased child or children. In case any of his children died without leaving lawful issue surviving them, the portion of the one so dying was to be distributed between his surviving children, and the lawful issue of any deceased child or children. The child or children of any deceased child of the testator to share in his estate, *per stirpes.*

After Raynor's death his widow, as executrix under his will, foreclosed a mortgage held by him at the time of his death and purchased the mortgaged property at the sale, taking a conveyance thereof to herself as executrix and trustee under the will of her husband. In an action to foreclose a prior mortgage upon the same premises, the widow and the other persons named in the will as executors and trustees, but who had refused to qualify, and the four children of Raynor, were made parties defendant. Two of these had children, but the latter were not made parties.

*Held,* that Raynor's grandchildren had estates in remainder in the trust property and should have been made parties defendant to the action.

That as they had not been made parties the title acquired by the purchaser at the sale, had under the judgment entered therein, was not such as that one proposing to purchase from him should be compelled to accept it.

Appeal from a judgment, entered upon the trial of this action at the Special Term.

*Edmund Coffin, Jr.*, for the appellant.

*Charles Jones*, for the respondent.

DANIELS, J. :

By the judgment which was recovered, a contract entered into between the plaintiff and the defendant for the sale and conveyance of land situated on One Hundred and Fifty-first street in the city of New York, was directed and required to be specifically performed. The defendant resisted the action, and has taken this appeal from the judgment, under the apprehension that he could not acquire a legal title to the property by taking the deed proposed to be given to him by the plaintiff. And if he is right in that position, then it is entirely clear that he should not be required to take the title pro posed to be conveyed, or to pay the purchase-price of the property. (*Brooklyn Park Com.* v. *Armstrong*, 45 N. Y., 235, 248.) For the court will not impose a questionable or disputable title upon the defendant by means of such an action.

The title to the property, which was vested in the plaintiff as executor, was obtained by means of the foreclosure of a mortgage executed by J. Mansfield Davies, then the conceded owner of the property, to Edward De Witt and Richard Carman Combes, as executors, etc. This mortgage became the property of the plaintiff, and it was by a foreclosure and sale of the premises under it that he derived his title to the land. Previous to the commencement of that action the land had been conveyed by Davies to William H. Raynor, who himself also conveyed it to David M. Clarkson, subject to the mortgage given by Davies. When Raynor conveyed the property to Clarkson he also took a mortgage upon it from him to secure a portion of the purchase-price. After Raynor's decease his widow, as executrix under his will, foreclosed this second mortgage by an action, making Clarkson the defendant in the action. Under the judgment she purchased the property, and it was conveyed to her in terms as executrix and trustee under the will of her deceased husband, and she held the title under that conveyance at the time when the action was brought to foreclose the mortgage previously given by Davies.

In that action she was made a defendant and so were the other persons named in the will of Raynor as executors and trustees, but

who failed to qualify and enter upon the discharge of their duties as such. At his decease Raynor left him surviving, in addition to his widow, four children, who were also made defendants in the action prosecuted by the plaintiff for the foreclosure of the Davies mortgage. Two of these children themselves having intermarried, had children at the time when that action was commenced, and who are still living, but they were not made parties to it. And it is practically for their omission as parties that the defendant declined to receive and accept the conveyance of the property proposed to be given to him by the plaintiff. If these grandchildren were interested in the property, as it is alleged they were, then the title is defective on account of the omission to make them parties to the action for the foreclosure of the mortgage under which the plaintiff obtained his title. And for the purpose of determining whether they were so interested or not it will become necessary to consider the terms of the will left by Raynor at the time of his decease.

By this will, after making certain specific gifts and dispositions of personal property, he gave, devised and bequeathed all the rest, residue and remainder of his estate, real and personal, to his executrix and executors, the survivors and survivor of them, in trust, with power to receive the rents and profits of the same, and to sell, dispose of and convey the same at such time or times, and in such manner as to them should seem proper and best for the interests of the estate, and to invest and keep invested such rents and profits and the proceeds of the sale or sales. And he then directed them to apply the income of two-sixths parts of such residue and remainder semi-annually to the use of his wife during the term of her natural life, and after her decease these two-sixths were devised and bequeathed to his children living at her decease, and the lawful issue of any deceased child or children. The income of another one-sixth was directed to be in like manner applied to the use of the testator's son, William H. Raynor, during his life; and after his death it was devised and bequeathed to his children living at the time of his decease, and the lawful issue of any of his deceased child or children. A similar disposition was made of the income of another sixth of the estate. It was devised and bequeathed in favor of his daughter, Elizabeth M. Scott, during her natural life, and after that to her children and the issue of any deceased child or

children. Another sixth was devoted in like manner to the use of his daughter, Adelaide Tilt, during her life, and the remainder, after her decease, directed to be divided equally between her children and the issue of any deceased child or children she might leave surviving her. The remaining sixth was in like manner devoted to the use of his daughter Minnie for life, and at her decease directed to be divided equally between her children and the child or children of any of her deceased children.

The will finally directed that in case any of the testator's children should die without leaving lawful issue surviving them, the portion of the child or children so dying should be distributed between his surviving children and the lawful issue of any deceased child or children. The child or children of any deceased child of the testator to share in the estate *per stirpes* and not *per capita*.

The effect of these directions contained in the will of the testator was to create a trust estate in the executrix during the respective lives of the widow and children who were to be benefited by its income. Except the two-sixths, the income of which was payable to the widow during her life, and was distributable among the testator's children after her decease, and their contingent rights by survivorship to the shares of either of the other children dying without issue, they took no direct interest in the estate.

That was first vested in the trustee for the purpose of sustaining and providing for the proper administration of the trust as long as it should be continued. What the children of the testator were entitled to in the other four-sixths of the estate, was their respective shares of its income and profits. As to these sixths the executrix and trustees held and owned in trust one-fourth of each during the life and for the benefit of each of the testator's children, to whom the like proportion of the income and profits was payable. For neither of them took any interest in either of these shares except by contingent survivorship.

The absolute title to them, beyond the right of his own children by survivorship, by reason of the decease of either child without issue, was given to their children after the periods when the testator's own children should respectively become deceased. It was in these children, therefore, so far as they might survive the testator's own children, that the legal title to the four-sixths would become

vested in possession after the expiration of the trust estate. And as their title included four-sixths of the real and personal estate devised and bequeathed in the first instance to the trustees, the children of the testator's children became the owners of a vested remainder in this portion of the testator's estate. Whenever the trust estate in either of these four-sixths should terminate by the decease of the beneficiary, his or her children, or in default of issue, the survivors of the testator's children would at once become entitled to the possession of that portion of the residue of the estate. And under the case of *Moore* v. *Littel* (41 N. Y., 66) this created a vested remainder in such sixth part of the estate in those children or in their lawful issue, or, if there should be none, then a contingent interest in the testator's other surviving children.

The mortgage held by the testator Raynor was a portion of his estate included in these directions contained in his will, and the grandchildren under the provisions of the will were interested in it in remainder the same as they were in the other portions of the testator's estate. For as to future interests in personal property the same rules apply as have been prescribed by the statute concerning future estates in lands. (2 Rev. Stat. [6th ed.], 1167, § 2.) Whether after the foreclosure and sale under the mortgage given to the testator, and the conveyance of the property to the executrix, it should be held to be personal or real property, it is not important to consider. For in either view the result would be the same, the children of the testator's children would be entitled to a vested remainder in it. That remainder included the entire legal title subject to so much of it only as was necessarily vested in the trustee for the execution of the trust, which would terminate whenever the trust itself might cease, and also to a contingent suvivorship for want of issue secured to the testator's surviving children. The children of the testator's daughters Elizabeth and Adelaide were parties in interest in the estate, therefore, when the plaintiff's foreclosure of the Davies' mortgage was instituted. And by the settled rules of law governing the foreclosure of mortgages, parties directly interested in the estate will not be affected by the proceeding unless they are included as such in the action. (*Peabody* v. *Roberts*, 47 Barb., 92; *Brainard* v. *Cooper*, 10 N. Y., 356.)

It is true that this rule does not include the owners of remote

and contingent interest. (*Mead* v. *Mitchell*, 17 N. Y., 210; *Williamson* v. *Field*, 2 Sandf. Ch., 533.)

But these were not interests of that nature. They were direct and vested so far as there were living children of either of the testator's children, and for that reason would take effect in possession the moment the intervening trust estate should cease in either of the two-sixths of the testator's property, the income of which was appropriated to the support of the testator's two daughters, Elizabeth and Adelaide, during their lives.

The present case is not controlled by that of *Valentine* v. *Belden* (20 Hun, 537), for there were no such vested interests in the property then in controversy. It had been sold under a foreclosure and purchased by and conveyed to the administrator, and under the title acquired in that manner it was held that he could convey a good title to a purchaser from himself, and for that purpose the land was still considered in judgment of law to be a part of the personal estate as the mortgage itself previously had been. But in the present case the conveyance to the testator's widow was in terms to her as the executrix and trustee under his will; and the property became at once subject to all its provisions and directions, which vested portions of this interest directly in the children of the testator's children. Whether property so acquired may not under certain circumstances be still held to be a part of the personal estate, it is therefore not necessary to consider in the disposition of this appeal.

For this is in no manner a controversy between the heirs and next of kin. The testator by his will vested these four-sixths in remainder directly in his grandchildren in case such issue should be born to and survive his own children.

By the mortgage under which the plaintiff derived title the property was mortgaged as real estate. It was proceeded against in the foreclosure suit as property of that description, and it was so sold under the judgment and conveyed to the plaintiff. In every step taken throughout those proceedings it was proceeded against as land and not as personal property, and he cannot now be permitted to assert that such was not its legal character.

To perfect a title to it as that description of property it was requisite that all persons having any direct interest in it should be

made parties to the action, and that rule included these grand-children of the testator Raynor as well as his own children, who were beneficiaries in four-sixths of the trust estate and entitled in remainder to the two-sixths devised and bequeathed in trust for the benefit of the widow during her life, and contingently in the share of any one of the testator's children who should die without leaving lawful issue.

Certainly the title proposed to be conveyed by the plaintiff to the defendant, in performance of the contract entered into, was not so free from doubt and dispute as to justify the court in requiring the defendant to accept and receive it and pay the remaining portion of the purchase money. It was, by reason of this defect, within the authority already referred to, as well as that of *Argall* v. *Raynor* (20 Hun, 267), where an uncertain or disputable title was held to be one which a purchaser at a public sale was not obliged to accept. Whether, under the power of sale contained in the will, an equitable conversion of the real estate of the testator was made it has not been deemed necessary to consider; for even if it should be attended with that result, as the will made the same disposition of the personal as it did of the real estate, the foreclosure would still be in like manner defective.

The judgment which was recovered in this action was for these reasons erroneous, and it should be reversed and a new trial ordered, with costs to abide the event.

BRADY, J.:

I concur, upon the ground that no one should be compelled to accept a questionable title.

DAVIS, P. J., taking no part.

Judgment reversed, new trial ordered, costs to abide event.