62  245
150a 328

GEORGIANNA BIGELOW, APPELLANT, *v.* WILLIAM H. DAVOL, RESPONDENT, IMPLEADED WITH OTHERS, DEFENDANTS.

*Foreclosure — failure to make the holder of a second mortgage a party — he may foreclose and need not redeem.*

Where the holder of a first mortgage forecloses it and becomes the purchaser at the sale, but fails to make the assignee of a second mortgage, whose assignment is of record, a party to such action of foreclosure, the assignee of the second mortgage is entitled to foreclose his mortgage, and his remedy is not limited to an action to redeem the premises.

*Salmon* v. *Allen* (11 Hun, 29) and *Ross* v. *Bourdman* (22 id., 527), criticised.

*Walsh* v. *The Rutger's Fire Insurance Company* (13 Abb. Pr., 33), followed.

APPEAL by the plaintiff Georgianna Bigelow from a judgment, entered in the office of the clerk of the county of Kings on the 20th day of July, 1891, dismissing the complaint, with costs, after a trial at the Kings County Special Term, with notice of an intention to bring up for review upon such appeal an order, dated on the 8th day of April, 1891, directing the aforesaid judgment, and vacating and canceling the *lis pendens* filed in this action, and directing the clerk of Kings county to mark the same and its record accordingly.

*A. P. Bates*, for the appellant.

*William Man*, for the respondent.

DYKMAN, J.:

The facts in this case, so far as they control the questions of law involved, are few and simple, but there are some important questions respecting the premises, and also respecting an old mortgage which appears to be destroyed by lapse of time.

The question upon which the determination of this appeal must turn is whether the holder of a second mortgage, whose assignment was duly recorded, can maintain an action for the foreclosure of her mortgage, where the holder of a prior mortgage has foreclosed his mortgage by an action in the Supreme Court, without making the holder of the second mortgage a party to his action, and has become the purchaser of the premises at the sale under the judgment.

The following are the facts: In August, 1884, Richard B. Duyckinck and Alexander T. Arthur made a mortgage for $20,000

to Henry J. Smith and John E. Smith upon the premises in question, which was recorded the same day as its date. That mortgage was assigned to Henry C. Hutchinson.

On the 8th day of September, 1887, Cecilia Y. Arthur and Archibald Arthur executed a bond and mortgage upon the premises to Joseph M. Pray, which mortgage was recorded on the 8th day of October, 1887. Joseph M. Pray assigned that mortgage to the plaintiff, by a written assignment, on the 8th day of October, 1887, which was recorded November 21, 1887.

About April, 1889, Hutchinson commenced an action in the Supreme Court and made Pray a party defendant, but did not make the plaintiff in this action a party. The action proceeded to judgment, and the premises were sold subject to an old mortgage to the plaintiff Hutchinson.

This action to foreclose the second mortgage was tried before the court and decided against the plaintiff, and the court found, as a conclusion of law, that the only remedy of the plaintiff was by an action to redeem the premises, and dismissed the complaint, with costs. We are unable to concur with the learned trial judge in his disposition of this case.

It is a fundamental principle that no person can be bound, concluded or affected by any judicial proceedings to which he is not a party and in which he has been afforded no opportunity to assert his interests or defend his rights.

As a legitimate deduction from this universal principle, the plaintiff in this action cannot be affected by the foreclosure suit to which she was not a party, and she stands in relation to it as if there had been no such action; as to her the suit is anullity. (*Miner* v. *Beekman*, 50 N. Y., 344; *Walsh* v. *Rutgers Fire Ins. Co.*, 13 Abb. Pr., 33; *Brainard* v. *Cooper*, 10 N. Y., 356.)

If, therefore, the plaintiff remains unaffected by the foreclosure of the prior mortgage, then there is no reason why she should not be permitted to enforce her security, and she has done nothing to forfeit her rights or estop her from the collection of her mortgage.

It would be a new and somewhat startling doctrine to establish that the holder of a prior mortgage, by omitting to make the holder of a second mortgage a party to his action to foreclose the first mortgage, could thus deprive him of his right to foreclose his mort-

gage, and drive him to a redemption by paying off the prior mortgage. Such, however, is the principle for which the defendant and respondent necessarily contends, and he cites the case of *Salmon* v. *Allen* (11 Hun, 29), in support of his position.

It is true there were some remarks, in the opinion in that case, which are favorable to the appellant, but the case was peculiar and is not an authority for anything. It was the purpose of the court, in that case, to point out irregularities and to show that the proper judgment had not been entered, and to place the action in a position to straighten the title by the judgment finally to be entered. Such was the view of the judgment which the Court of Appeals took when the case was there. (*Salmon* v. *Gedney*, 75 N. Y., 480.) If it went further or intended to do so, it is antagonistic to both principle and authority, and will not be followed.

The case of *Ross* v. *Boardman* (22 Hun, 527), was also peculiar, but the judge, who prepared the opinion of the court, was careful to say that the omission to make the woman claiming dower a party to the action to foreclose the senior mortgages, left her interest in the property the same as though no such action had been prosecuted.

The case of *Walsh* v. *The Rutgers Fire Insurance Company* (13 Abb. Pr., 33), decided by the General Term in this district, is precisely like this, and is a controlling authority in favor of the plaintiff.

In that case, as in this, the premises had been sold under a judgment upon a prior mortgage held by the defendant, and bought in by it. The plaintiff was not a party to that action, although the original holder of the mortgage was made a defendant. He had assigned the mortgage to the plaintiff and the assignment was on record. In a well-considered opinion in that case it was decided that the utmost effect of the foreclosure and sale was to transfer the equity of redemption from the mortgagor to the plaintiff in the foreclosure. Also, that it was regular and necessary for the holder of the second mortgage to institute a suit to foreclose his mortgage, and the plaintiff in the first foreclosure was properly made a party defendant. That the prior mortgagee in possession was entitled to have a sufficient portion of the proceeds of the sale applied to the payment of his debt, but no offer to redeem the premises or pay the first mortgage was necessary. This latter point, of course, proceeds

upon the theory that as to the holder of the second mortgage, the first mortgage is still subsisting and unforeclosed.

We think the examination has proceeded sufficiently far to manifest the error, and the judgment should be reversed, with costs to abide the event.

BARNARD, P. J., and PRATT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.