GEORGIANNA BIGELOW, Respondent, *v.* WILLIAM H. DAVOL and Another, Appellants, Impleaded with Others.

*Assignee of a second mortgage not made a party to the foreclosure of a first mortgage — foreclosure of the second mortgage — provisions of the decree — proof of the mortgage debt.*

A first mortgage, which covered the whole of certain premises, was foreclosed without making the assignee of a second mortgage on an undivided portion of the same premises a party, and the premises were sold; the assignee of the second mortgage thereafter brought an action for its foreclosure, the complaint in which did not put in issue the validity of the first mortgage; a decree was obtained by the plaintiff, which contained a provision that on paying the proportionate part of the amount due on the first mortgage the plaintiff might take free therefrom a corresponding proportion of the premises covered by his mortgage.

*Held,* that this provision for the payment of a portion only of the amount due on the first mortgage was improper, and that the decree should, instead thereof,

have directed a sale of the premises subject to whatever rights the purchaser thereof on the sale on the foreclosure of the first mortgage had therein.

A mortgage was executed by two of the four children of a decedent, but failed as to one of the makers, and it appeared, in an action brought for its foreclosure by an assignee thereof, that the mortgage debt, if any existed, was for services rendered by the mortgagee as an attorney in behalf of the estate of the mortgagors' deceased parent, of which the mortgagee was an executor, but there was no direct proof of a debt as between the defendant mortgagor and the mortgagee.

*Held*, that, in this state of the case, the mortgage was without validity.

APPEAL by the defendants, William H. Davol and Jennie B. Davol, from a judgment of the Supreme Court rendered at the Kings County Special Term and entered in the office of the clerk of Kings county on the 23d day of August, 1892, in an action brought to foreclose a mortgage made by Cecilia Y. Arthur and Archibald Arthur to Joseph M. Pray, executed on September 1, 1887.

For former appeal in this case see 62 Hun, 245.

*A. P. & W. Man*, for the appellants.

*Joseph M. Pray*, for the respondent.

BARNARD, P. J. :

The plaintiff is the owner of a mortgage executed on the 1st of September, 1887, conveying eighteen and one-quarter sixty-fourth parts of certain premises in Brooklyn to Joseph M. Pray. She acquired her title thereto in October, 1887, and her assignment was recorded in November, 1887. The premises were subject to a previous mortgage given in 1884. In 1889 this prior mortgage was assigned to one Hutchins who foreclosed it, but did not make the plaintiff a party defendant in the foreclosure action. The property was bought in by Hutchins at the foreclosure sale, and soon after his purchase he sold the land to defendant Davol. Davol went into possession and expended large sums of money in improving the property. Upon the former appeal in the case it was held that this Hutchins foreclosure did not bind the plaintiff and that she could foreclose her mortgage as if the Hutchins foreclosure had not been had. We do not think that the complaint in this action puts in issue the prior mortgage which was foreclosed. There is an averment that Davol is in possession and that the defendants, including Davol, be bound; but this is in the usual form of averment inci-

dental to a foreclosure action. It does not in the present case mean that the second mortgage should be put before the first, and by a general prayer that the purchaser at the foreclosure sale of the first mortgage should be subject to the second mortgage which was not brought into the first foreclosure action. If a sale be had in this action it will be subject to the first mortgage, and to any equities which Davol has by virtue of his purchase as against the plaintiff. The plaintiff's mortgage only covers a part of the premises covered by the second, and does not cover all which is described in her mortgage, and the decree in this case provides that the plaintiff may pay six and seven-eights sixty-fourth parts of the amount due on the first mortgage, and take the proportions covered by the mortgage free upon such payment. There is proof tending to assail the plaintiff's mortgage, and this appeal involves these two questions, whether the provision providing that the plaintiff may pay the proportions of the first mortgage and take the land free, and whether the mortgage of plaintiff is good. We think that the provision for the payment of a portion of the first mortgage only is improper. The first mortgage covered all, and all of the property covered by it is to be held for its payment. 2 Hoff. Ch. Pr. 157.

The portion of the decree which provides for the payment of a portion of the first mortgage, should be modified, and the sale be directed subject to whatever rights Davol has in the premises sold. This modification will carry out the spirit of the former decision that the sale under the second mortgage is as if there had been no foreclosure of the first mortgage.

Is the mortgage good ? It was given by Cecilia Arthur to Joseph M. Pray. Although his brother joined in it, the mortgage failed as to him. The mortgage debt was, if any existed, one for services rendered by Joseph M. Pray in behalf of the estate of their father in which he was one of the executors to the father's will. The mortgage was given for services rendered as an attorney for the children.

The debt, if any, was from the four children. Wm. Arthur and Alexander Arthur did not or could not sign, and the whole debt is thus put on Cecilia. The mortgage should not be held good without further proof for over one-fourth of the amount of it in any event. As between Pray and Cecilia there is no proof of a debt

for any amount. Mr. Pray paid nothing, and Miss Arthur got nothing except a claim had been shown to her brother Alexander, and Mr. Pray supposed that he had told his sister Cecilia. She denies all knowledge of it. The claim was received as collateral to a claim, and this claim was for services as executor in defending the estate. There is no proof sufficient to uphold the mortgage as against Cecilia. *Collier* v. *Munn*, 41 N. Y 143.

And it is a very significant fact that the mortgage was deemed of no force because Cecilia obtained the surplus upon the first sale with the knowledge of Mr. Pray, who was Mrs. Bigelow's attorney ; and neither Pray nor plaintiff asserted any right to such surplus. As the case now stands there is no validity to the mortgage as against Cecilia Arthur. The plaintiff only took what Mr. Pray had to sell. *Trustees* v. *Wheeler*, 61 N. Y. 88.

The judgment should be reversed, and new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.