TITLE GUARANTEE AND TRUST COMPANY, Plaintiff, *v.* TWENTY-FIRST STREET AND FIFTH AVENUE CORPORATION, HUDSON REALTY COMPANY, ISAAC N. HEIDELBERG, NORA H. HEIDELBERG, MANHATTAN WASH SUIT COMPANY, and TREO COMPANY, Defendants.

(Supreme Court, New York Special Term, January, 1920.)

Foreclosure — breach of covenant of quiet enjoyment in lease — damages — parties.

Where a breach of a covenant for quiet enjoyment in a lease is due to the foreclosure of a mortgage on the property, the tenant is entitled to recover substantial damages, measured by the value of the unexpired term, less rents reserved, and to look for reimbursement to the surplus moneys which may be realized on the foreclosure sale.

Where there is good reason to believe that the property, if sold subject to the lease held by one against whom the action has been discontinued, will not bring the best possible price, a motion by a defendant having a right to an unimpaired equity of redemption, for leave to serve and file an amended answer, will be granted unless the plaintiff stipulates to discontinue the action against the moving party; if the plaintiff so stipulates its motion for a reference will be granted.

MOTION for a reference.

Cravath & Henderson (R. H. Nielson and R. N. Chambers, of counsel), for plaintiff.

Leonard Klaber, for defendant Treo Company.

James Frank, for defendants Twenty-first Street and Fifth Avenue Corporation and Hudson Realty Company.

Rose & Paskus, for defendants Isaac N. Heidelberg and Nora H. Heidelberg.

Wm. H. Freedman, for defendant Manhattan Wash Suit Company.

GREENBAUM, J.   Since the Union Exchange National Bank, against which the action has been discontinued, is no longer a party, a decree of foreclosure would be a nullity as to it (*Brainard* v. *Cooper,* 10 N. Y. 356, 358), and since that bank would not be bound by such a decree, the title which would be received by any purchaser on the foreclosure sale would be subject to the rights of the bank under its lease, the original term of which does not expire until May 1, 1922.   Such a situation impairs the defendant Treo Company's right to an unimpaired equity of redemption.   Furthermore, where the breach of a covenant for quiet enjoyment is due to the foreclosure of a mortgage on the property, a tenant is entitled to recover substantial damages, measured by the value of the unexpired term, less rents reserved, and to look for reimbursement to the surplus moneys which may be realized on the foreclosure sale. *Mack* v. *Patchin,* 42 N. Y. 167, 172; *Clarkson* v. *Skidmore,* 46 id. 297.   The defendant Treo Company is therefore interested in having the property bring, on the foreclosure sale, the best possible price.   There is good reason to think that this cannot be accomplished if the property must be sold subject to the lease of the Union Exchange National Bank.   The motion will be granted on the following terms: Unless the plaintiff stipulate that it will discontinue the action against the defendant Treo Company, the latter will be permitted to serve and file an amended answer, a copy of which is annexed to the moving papers.

If the plaintiff concludes to discontinue the action as against the defendant Treo Company, Inc., the motion

for a reference will be granted; otherwise it must be denied because of the service of the amended answer.

Ordered accordingly.